Cheryl RAYMOND, Appellant,

v.

James D. HANSON and the County of Dallas, Appellees.

No. 05–96–00276–CV.

Court of Appeals of Texas, Dallas.

May 21, 1998.

Lorenzo Brown, Lorenzo Brown & Associates, Dallas, for Appellant.

J. Lee Baldwin, Michael J. Watts, John Clark Long, IV, Asst. Dist. Attys., Dallas, for Appellees.

Before CHAPMAN, WRIGHT and BRIDGES, JJ.

## OPINION

BRIDGES, Justice.

Cheryl Raymond appeals a summary judgment rendered in favor of James D. Hanson and Dallas County. On appeal, Raymond contends the trial court erred in granting summary judgment for Hanson and Dallas County on the ground that she did not present her claim to the Dallas County commissioners as required by section 81.041(a) of the Texas Local Government Code. *See* TEX. LOCAL GOV'T CODE ANN. § 81.041(a) (Vernon 1988). Because we conclude that the section 81.041(a) presentment requirement does not apply to causes of action brought under the Texas Tort Claims Act, we reverse the trial court's judgment and remand this cause to the trial court for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

Raymond sued Hanson and Dallas County for damages arising from injuries she suffered in an automobile accident. In her petition, Raymond alleged that on the day of the accident, she was a passenger in a car driven by her husband, Usher Raymond.[1] She alleged that James D. Hanson, a Dallas County employee acting within the course and scope of his employment, was driving a tractor-trailer owned by Dallas County. When Hanson attempted to make a right turn from the inside lane of traffic, he collided with the Raymonds' car. Raymond alleged that as a result of the accident, she sustained severe injuries to her neck, back, knee, and shoulder.

Hanson and Dallas County moved for summary judgment asserting that Raymond's suit was barred because she failed to comply with the presentment requirement contained in section 81.041(a) of the local government code. *See* TEX. LOCAL GOV'T CODE ANN.

§ 81.041(a) (Vernon 1988). Hanson and Dallas County also moved for summary judgment on the ground that Raymond did not give notice of the accident as required by section 101.101 of the tort claims act. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 1997). The trial court granted summary judgment for both Hanson and Dallas County on the ground that Raymond did not comply with the presentment requirement of section 81.041(a).

In two points of error, Raymond argues: (1) the trial court erred in granting summary judgment in favor of Hanson and Dallas County because the presentment requirement contained in section 81.041(a) does not apply to actions brought under the tort claims act; and (2) the trial court improperly granted summary judgment in favor of Hanson because section 81.041(a) applies only to governmental entities, not to individuals.

## STANDARD OF REVIEW

The function of summary judgment is not to deprive a litigant of the right to a full hearing on the merits of any real issue of fact but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn,* 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The purpose of the rule is to provide a method of summarily ending a case when it clearly appears only a question of law is involved and no genuine issue of fact remains. *See Gaines v. Hamman,* 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962). For the defendant, as movant, to prevail on a summary judgment, it must either disprove at least one element of the plaintiff's theory of recovery or plead and conclusively establish each essential element of an affirmative defense. *See International Union UAW Local 119 v. Johnson Controls, Inc.,* 813 S.W.2d 558, 563 (Tex.App.—Dallas 1991, writ denied) (op. on reh'g). A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982); *Perkins v. Groff,* 936 S.W.2d

---

1. Usher Raymond originally joined in the lawsuit but later requested a nonsuit.

661, 667 (Tex.App.—Dallas 1996, writ denied).

We review a motion for summary judgment using the following well-known standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovant will be taken as true.

3. Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985).

## DISCUSSION

■ In her first point of error, Raymond contends the trial court erred in granting summary judgment in favor of Hanson and Dallas County because the presentment requirement of section 81.041(a) does not apply to actions brought under the tort claims act, which contains its own pre-suit notice provisions. Hanson and the County do not dispute that Raymond's suit falls within the parameters of the tort claims act; however, relying on this Court's opinion in *Bowles v. Wade,* 913 S.W.2d 644 (Tex.App.—Dallas 1995, writ denied), they argue that section 81.041(a) of the local government code applies to all litigants who wish to sue a county for any cause of action, including torts.

■ Section 81.041(a) of the local government code provides:

A person may not sue on a claim against a county unless the person has presented a claim to the commissioners court and the commissioners court has neglected or refused to pay all of the claim.

Tex. Local Gov't Code Ann. § 81.041(a) (Vernon 1988). The purpose of section 81.041(a) is "to advise the commissioners court of [a] claim and afford it an opportunity to investigate and adjust it without litigation." *Bowles,* 913 S.W.2d at 650. In *Bowles,* this Court held that the presentment requirement contained in section 81.041(a) is

a jurisdictional prerequisite that must be satisfied before a litigant "has the right to institute and maintain a suit against a county." *Id.* at 647.

Hanson and Dallas County assert that our holding in *Bowles* does not allow for any exceptions to the section 81.041(a) presentment requirement. However, the cause of action in *Bowles* was not subject to multiple notice requirements. Additionally, in *Bowles,* we expressly declined to express an opinion on the correctness of cases allowing exceptions to the section 81.041(a) presentment requirement. *Id.* at 648 n. 9. Therefore, *Bowles* is not dispositive of the issue before us.

■ Here, Raymond brought her cause of action against Hanson and Dallas County under the tort claims act, which provides for a limited waiver of sovereign immunity of the State and all of its agencies and units of government under certain circumstances. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1997). The tort claims act contains its own notice provision which states:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claimed;

(2) the time and place of the incident; and

(3) the incident.

(b) A city's charter and ordinance provisions requiring notice within a charter period permitted by law are ratified and approved.

(c) The notice requirements provided or ratified and approved by Subsections (a) and (b) do not apply if the governmental unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.

*Id.* § 101.101 (Vernon 1997). This notice provision serves the same function as the presentment requirement contained in sec-

tion 81.041(a) of the local government code—to ensure that the governmental entity is apprised of a claim against it. Generally, when two statutes concern the same subject matter, the more specific statute controls over the more general statute. *See Gregg County v. Farrar,* 933 S.W.2d 769, 773 (Tex. App.—Austin 1996, writ denied). Accordingly, we follow the line of cases holding that section 81.041(a) does not apply to actions brought under the tort claims act because the notice provision contained in section 101.101 of that act constitutes the exclusive notice requirement for bringing suit under that statute. *See Harris County v. Dowlearn,* 489 S.W.2d 140, 146 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.); *see also Harris County v. Dillard,* 841 S.W.2d 552, 557 (Tex.App.—Houston [1st Dist.] 1992) (following *Dowlearn* ), *rev'd on other grounds,* 883 S.W.2d 166 (Tex.1994); *Rosales v. Brazoria County,* 764 S.W.2d 342, 344 n. 3 (Tex.App.—Texarkana 1989, no writ) (following *Dowlearn* ).

Because Raymond was not required to comply with section 81.041(a) of the local government code before suing Dallas County under the tort claims act, we conclude that the trial court erred in granting summary judgment in favor of Hanson and Dallas County on this ground. We sustain Raymond's first point of error.

In her second point of error, Raymond argues the trial court erred in granting summary judgment for Hanson individually because section 81.041(a) of the local government code applies only to governmental entities. However, because we have concluded Raymond was not required to comply with section 81.041(a) of the local government code, we need not address this point of error. *See* Tex.R.App. P. 47.1.

We reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this opinion.