TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00057-CV





Steven J. Ingram, Appellant



v.



Margo Frasier; Travis County Sheriff's Department; and Terry Keel, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. 97-06507, HONORABLE W. JEANNE MEURER, JUDGE PRESIDING




 

 Steven J. Ingram appeals from an order dismissing his second amended petition for
lack of jurisdiction. We affirm.

 The facts are few. Ingram claims that on June 4, 1995, a fellow naval reservist
complained to Ingram's administrator at the Naval Reserve Center about his conduct. Thereafter,
Ingram believes that this information was reported to the Travis County Sheriff's Department. 
On July 14, 1995, Ingram placed a long distance call to Conroe, Texas, to register for a tennis
tournament. Shortly thereafter, Ingram began driving from his home near Austin to Conroe for
the tennis match. Within two miles of Conroe, Ingram observed a deputy sheriff with the Bastrop
County Sheriff's Office who appeared to be following him. When Ingram arrived in Conroe, he
observed an individual driving a Montgomery County sheriff's vehicle who appeared to be
following him. Ingram concluded that he was being pursued. On Ingram's return trip home after
the match, however, he was not followed.

 Ingram alleged in his second amended petition that "the chain of events that
occurred on July 14, 1995 was sufficient to warrant an investigation with respect to wiretapping"
of Ingram by the Travis County Sheriff's Office. Ingram wrote to Southwestern Bell, the
Department of Public Safety, and the Federal Bureau of Investigation inquiring whether he was
the subject of a wiretap. Ingram did not receive the information he requested. The FBI advised
Ingram that federal law prohibits the disclosure of information relating to interceptions without
a court order. The letter further advised him: "For your information, if your telephone was the
subject of a Court Ordered Telephone Interception you will ultimately be notified. . . . At a
point, after which such disclosure will not damage an ongoing investigation, a Federal judge
issues an order and everyone whose voice was identified during an interception is notified." From
this letter, Ingram concluded that the FBI did investigate his claim and discovered a wiretap.

 Ingram also alleged in his second amended petition that Sheriff Terry Keel and the
U.S. Naval Reserve released information about Ingram to the local newspaper and caused various
articles about unrelated crimes to be published to create a sense of need among the citizenry for
"police action," and particularly, wiretap investigations.

 Ingram sued Terry Keel in his capacity as Sheriff of Travis County ("Sheriff") (1) and
the Travis County Sheriff's Department on June 3, 1997, alleging claims relating to torts of
wiretapping and invasion of privacy. The second amended petition included a claim under the
Texas Tort Claims Act ("TTCA"). See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West
1997). The Department was never served. Asserting various affirmative defenses, the Sheriff
moved to dismiss Ingram's lawsuit on the grounds, inter alia, that (i) the claims asserted by
Ingram are barred by sovereign immunity and (ii) Ingram failed to invoke the court's jurisdiction
because he failed to provide notice as required under Section 81.041(a) of the Local Government
Code or under the TTCA. On October 19, 1998, the district court granted the Sheriff's motion
to dismiss for lack of jurisdiction.

 Local Government Code section 81.041(a) provides: "A person may not sue on
a claim against a county unless the person has presented the claim to the commissioners court and
the commissioners court has neglected or refused to pay all or part of the claim." Tex. Local
Gov't Code Ann. § 81.041 (a) (West 1999). The presentment requirement is a prerequisite that
must be satisfied before a litigant has the right to institute and maintain a suit against a county. (2) 
The TTCA also contains its own notice provision requiring that notice of a claim be received not
later than six months after the date of the incident giving rise to the claim. See Tex. Civ. Prac.
& Rem. Code Ann. § 101.101 (West 1997). Apart from the letter to the District Attorney
requesting information about a wiretap of his telephone, Ingram did not give a notice of claim as
required by the statute. Because Ingram failed to give notice under either the Local Government
Code or the TTCA, we need not reach the question of which notice was required. See Raymond
v. Hanson, 970 S.W.2d 175, 177-78 (Tex. App.-- Dallas 1998, no pet.).

 Even assuming that Ingram has complied with the statutory prerequisites to bring
suit, we conclude that he has not alleged an injury that falls within the waiver of sovereign
immunity provided by the TTCA or any other statute. Ingram had the burden of alleging facts
affirmatively showing that the trial court had subject matter jurisdiction. See Texas Ass'n of
Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). When reviewing subject
matter jurisdiction, we construe the allegations in the pleadings in favor of the pleader and, if
necessary, examine the entire record to determine if there is evidence establishing subject matter
jurisdiction. (3)

 Police protection is a governmental function. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.0215(a)(1) (West Supp. 1999). A governmental entity is immune from liability for
its governmental actions, unless that immunity is waived. The TTCA provides for a limited
waiver of governmental immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.025 (West
1997).

 Section 101.021 of the TTCA sets out the provisions for waiver of governmental
immunity, and provides that a governmental unit is liable for:


(1) property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within the
scope of his employment if:

 

 (A) the property damage, personal injury, or death arises from the operation
or use of a motor-driven vehicle or motor-driven equipment; and


 (B) the employee would be personally liable to the claimant according to
Texas law; and


(2) personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law.


Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 1997).

 The gist of Ingram's claim is that he suspects he was the subject of a wiretap as a
consequence of information provided to the sheriff's office. Appellant's pleadings, even liberally
construed, fail to allege the type of injury required under the TTCA or that such injury was caused
in a manner covered by the statute. Even after construing the pleadings in favor of Ingram, we
hold that he failed to state a claim for which governmental immunity is waived under the TTCA. 
We hold that Ingram failed to meet his burden of pleading and establishing subject matter
jurisdiction over the claims asserted in the lawsuit. The district court properly dismissed Ingram's
claims. We affirm the district court's judgment.



 

 Jan P. Patterson, Justice

Before Justices Jones, Kidd and Patterson

Affirmed

Filed: November 30, 1999

Do Not Publish

1.            Ingram included the current sheriff, Margo Frasier, in the style of his second amended
petition. Because only Keel was served, we will refer to him as the party in interest.
2.            A sovereign entity, such as a county, acts through its officers. A sheriff, sued in his
official capacity, is not an entity distinct from the county. Ingram's claims against the sheriff in
his official capacity constitute claims against the county. See Bowles v. Wade, 913 S.W.2d 644,
649 (Tex. App.--Dallas 1995), overruled on other grounds, Essenburg v. Dallas County, 988
S.W.2d 188, 189 (Tex. 1998).
3.            Ingram contends that he complied with the notice provision by sending a letter dated
November 7, 1995, requesting information from the District Attorney about any wiretaps on his
telephone "according to the Privacy Act of 1974. . . and disclosure of Deputy in charge of July
14, 1995 operation." We hold that this letter is insufficient to put the county on notice as required
by the statute.


waiver of sovereign
immunity provided by the TTCA or any other statute. Ingram had the burden of alleging facts
affirmatively showing that the trial court had subject matter jurisdiction. See Texas Ass'n of
Business v. Texas Air Control Bd., 852 S.W.2d 440, 446 (Tex. 1993). When reviewing subject
matter jurisdiction, we construe the allegations in the pleadings in favor of the pleader and, if
necessary, examine the entire record to determine if there is evidence establishing subject matter
jurisdiction. (3)

 Police protection is a governmental function. See Tex. Civ. Prac. & Rem. Code
Ann. § 101.0215(a)(1) (West Supp. 1999). A governmental entity is immune from liability for
its governmental actions, unless that immunity is waived. The TTCA provides for a limited
waiver of governmental immunity. See Tex. Civ. Prac. & Rem. Code Ann. § 101.025 (West
1997).

 Section 101.021 of the TTCA sets out the provisions for waiver of governmental
immunity, and provides that a governmental unit is liable for:


(1) property damage, personal injury, and death proximately caused by the
wrongful act or omission or the negligence of an employee acting within the
scope of his employment if:

 

 (A) the property damage, personal injury, or death arises from the operation
or use of a motor-driven vehicle or motor-driven equipment; and


 (B) the employee would be personally liable to the claimant according to
Texas law; and


(2) personal injury and death so caused by a condition or use of tangible personal
or real property if the governmental unit would, were it a private person, be
liable to the claimant according to Texas law.


Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (West 1997).

 The gist of Ingram's claim is that he suspects he was the subject of a wiretap as a
consequence of information provided to the sheriff's office. Appellant's pleadings, even liberally
construed, fail to allege the type of injury required under the TTCA or that such injury was caused
in a manner covered by the statute. Even after construing the plead