**DALLAS COUNTY, Appellant**

v.

**Florece COUTEE, et al., Appellees.**

**No. 05–06–01695–CV.**

Court of Appeals of Texas, Dallas.

Aug. 28, 2007.

Rehearing Overruled Oct. 9, 2007.

Greg Long, Assistant District Attorney, Dallas, for appellant.

Robert H. Renneker, Dallas, for appellees.

Before Justices WRIGHT, RICHTER, and LANG.

## OPINION

Opinion by Justice LANG.

In this accelerated, interlocutory appeal, appellant Dallas County challenges the trial court's order denying its motion to dismiss and plea to the jurisdiction in a suit brought by appellees Florece Coutee, Dajuanna Hamilton, and Tonjou Smith under the Texas Tort Claims Act. The appellees sued for injuries allegedly resulting from a vehicle collision.

In the sole issue presented, Dallas County contends the trial court erred in denying its motion to dismiss and plea to the jurisdiction because appellees did not provide written notice of the suit to the county judge and district attorney having jurisdiction to defend the county in a civil suit within thirty business days after the suit was filed. Dallas County contends this notice is required by section 89.0041 of the Texas Local Government Code. We conclude section 89.0041 of the Texas Local Government Code is not applicable to this case. We decide against Dallas County on its sole issue.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 8, 2004, a car in which appellees were traveling collided with a Dallas County Sheriff's Department cruiser driven by deputy Amy Charles. The incident occurred within Dallas County. Appellees contend the negligence of Deputy Charles caused the collision, which allegedly resulted in injuries to appellees.

Appellees filed this suit on August 7, 2006. In their original petition, appellees contended Dallas County is responsible for the actions of Deputy Charles and asserted claims under the Texas Tort Claims Act. The parties do not dispute that, before commencing this action, appellees provided notice of their claims to Dallas County pursuant to section 101.101 of the Texas Tort Claims Act.

After answering the suit, Dallas County filed a motion to dismiss and plea to the jurisdiction. It contended that because appellees "did not deliver written notice of this lawsuit by certified or registered mail by the 30th business day after this suit was filed to either the Dallas County Judge or the Dallas County Criminal District Attorney," pursuant to section 89.0041 of the Texas Local Government Code, the trial court was required to dismiss this suit. In the alternative, Dallas County asserted, appellees' failure to provide notice pursuant to section 89.0041 deprived the trial court of jurisdiction under section 311.034 of the Texas Government Code. Appellees' response to Dallas County's motion to dismiss argued, "The clear and unambiguous legislative intent is that the post-filing notice provisions [of section 89.0041] apply only to a claim arising under a contract; where the claim arises under the Texas Tort Claims Act—which requires notice prior to the commencement of the suit—Section 89.0041 of the Local Government Code does not apply."

After a hearing, the trial court denied Dallas County's motion to dismiss and plea to the jurisdiction. Dallas County timely filed a notice of interlocutory appeal pursu-

ant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code.

## II. APPLICABILITY OF SECTION 89.0041

In its sole issue on appeal, Dallas County contends the trial court erred in denying its motion to dismiss and plea to the jurisdiction because appellees failed to give written notice of suit under section 89.0041 of the Texas Local Government Code. Appellees contend that, while it may appear section 89.0041 requires a plaintiff to mail notice to the county judge and district attorney within thirty days after filing suit, "the clear legislative intent is that such notice is only required where the action arises under a contract executed after September 1, 2003." Therefore, appellees assert, "[t]he trial court correctly held that section 89.0041 of the local government code does not apply to a suit arising under the Texas Tort Claims Act."

### A. Standard of Review

When the resolution of an issue on appeal requires the interpretation of a statute, the court applies a de novo standard of review. *Groomes v. USH of Timberlawn, Inc.*, 170 S.W.3d 802, 804 (Tex. App.-Dallas 2005, no pet.). This is so because we must construe the statute in question, which constitutes a question of law. *Tex. Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex.2002).

### B. Applicable Law

Chapter 101 of the Texas Civil Practice and Remedies Code, also referred to as the Texas Tort Claims Act, expressly waives sovereign immunity in three areas: (1) use of publicly owned automobiles; (2) premises defects; and (3) injuries arising out of conditions or use of property. *City of Garland v. Rivera*, 146 S.W.3d 334, 337 (Tex.App.-Dallas 2004, no pet.) (citing *Tex.*

*Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex.2004)); Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 2005). Section 101.101 of the act, titled "Notice," provides that a governmental unit is entitled to receive notice of a damage or injury claim against it not later than six months after the day the incident giving rise to the claim occurred. Tex. Civ. Prac. & Rem.Code Ann. § 101.101(a) (Vernon 2005). The notice must reasonably describe the damage or injury claimed, the time and place of the incident, and the incident. *Id.* Written notice under section 101.101 is not required if a governmental unit has "actual notice" that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged. *Id.* § 101.101(c).

Under section 89.004 of the Texas Local Government Code, titled "Presentation of Claim," a person may not file suit on a claim against a county or an elected or appointed county official unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the sixtieth day after the date of the presentation of the claim. Tex. Local Gov't Code Ann. § 89.004 (Vernon Supp.2006).

In 2003, the Legislature added Texas Local Government Code section 89.0041, titled "Notice of Suit Against County." Tex. Local Gov't Code Ann. § 89.0041 (Vernon Supp.2006). Section 89.0041 provides that a person filing suit against a county must send specific written notice of the suit to both the county judge and the county or district attorney having jurisdiction to defend the county in a civil suit no later than the thirtieth business day after the suit has been filed. *Id.* § 89.0041(a). The written notice of suit is required to contain: (1) the style and cause number of

the suit; (2) the court in which the suit is filed; (3) the date on which the suit was filed; and (4) the name of the person filing suit. *Id.* § 89.0041(b)(1)-(4). If a person does not give notice as required by this section, "the court in which the suit is pending shall dismiss the suit on a motion for dismissal made by the county." *Id.* § 89.0041(c). Section 4 of the legislative act that added section 89.0041 provided an effective date of September 1, 2003, and added a legislative note that reads:

> This Act applies only to a claim arising under a contract executed on or after September 1, 2003. A claim that arises under a contract executed before September 1, 2003, is governed by the law as it existed on the date the contract is executed, and the former law is continued in effect for that purpose.

*Id.* (Historical and Statutory Notes).

 The rules of statutory construction provide that courts must not confine their review of a statute to isolated statutory words, phrases, or clauses, but must instead examine the entire act. *See Meritor Auto., Inc. v. Ruan Leasing Co.,* 44 S.W.3d 86, 90 (Tex.2001); *Tex. Workers' Comp. Ins. Fund v. Del Indus., Inc.,* 35 S.W.3d 591, 593 (Tex.2000). Generally, when two statutes concern the same subject matter, the more specific statute controls over the more general statute. *Raymond v. Hanson,* 970 S.W.2d 175, 178 (Tex.App.-Dallas 1998, no pet.) (citing *Gregg County v. Farrar,* 933 S.W.2d 769, 773 (Tex.App.-Austin 1996, writ denied)); *see also* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 2005) (where conflict between general provision and special or local provision is irreconcilable, special or local provision prevails as exception to general provision, absent "manifest intent" to the contrary).

## C. Application of Law to Facts

 Here, the parties do not dispute that appellees provided notice of their claims prior to the commencement of this suit as required by the Texas Tort Claims Act. Further, it is undisputed that no written notice of this suit was mailed to either the Dallas County Judge or the Dallas County District Attorney within thirty days after the suit was filed, pursuant to section 89.0041.

Dallas County acknowledges in its appellate brief that the "notice of claims" provision for claims brought under the Texas Tort Claims Act, section 101.101, "controls over the general section 89.004" of the Texas Local Government Code, which "concerns *presentment* of a claim against a county" prior to filing suit. (emphasis added). However, Dallas County argues that because there is no "notice of *suit*" (emphasis added) provision under the Texas Tort Claims Act, the provisions of section 89.0041, which expressly requires notice of the filing of a suit, control in this case.

In *Raymond,* this Court addressed whether the presentment requirement of the former version of section 89.004, then section 81.041 of the Texas Local Government Code, applied to actions brought under the Texas Tort Claims Act. *Raymond,* 970 S.W.2d at 177–78. Section 81.041(a) provided, "A person may not sue on a claim against a county unless the person has presented a claim to the commissioners court and the commissioners court has neglected or refused to pay all of the claim." *Id.* at 177. This Court stated:

> [Section 101.101] serves the same function as the presentment requirement contained in section 81.041(a) of the local government code—to ensure that the governmental entity is apprised of a claim against it. Generally, when two statutes concern the same subject mat-

ter, the more specific statute controls over the more general statute. Accordingly, we follow the line of cases holding that section 81.041(a) does not apply to actions brought under the tort claims act because *the notice provision contained in section 101.101 of that act constitutes the exclusive notice requirement for bringing suit under that statute.*

*Id.* at 177–78 (emphasis added) (citations omitted).

Subsequently, in *Parsons v. Dallas County,* 197 S.W.3d 915 (Tex.App.-Dallas 2006, no pet.), this Court was called upon to address whether claims brought by a plaintiff under the Texas Tort Claims Act were "frivolous" because the plaintiff did not "present" them to the commissioners court before bringing suit as required by section 89.004 of the Texas Local Government Code. *Id.* at 919; *see also* TEX. LOCAL GOV'T CODE ANN. § 89.004(a) ("person may not file suit on a claim against a county or [a] ... county official ... unless the person has presented the claim to the commissioners court and the commissioners court neglects or refuses to pay all or part of the claim before the 60th day after the date of the presentation of the claim"). Quoting *Raymond,* this Court stated, " '[W]e follow the line of cases holding that section 81.041(a) [now section 89.004(a) ] does not apply to actions brought under the tort claims act because *the notice provision contained in section 101.101 of that act constitutes the exclusive notice requirement for bringing suit under that statute.'* " *Parsons,* 197 S.W.3d at 919–20 (emphasis added) (quoting *Raymond,* 970 S.W.2d at 178).

In *Raymond,* this Court was faced with a dilemma because both section 101.101 and section 81.041(a) functioned "to ensure that the governmental entity is apprised of a claim against it," and we had to determine whether one statute applied to the

exclusion of the other. *See Raymond,* 970 S.W.2d at 177–78. Specifically, section 101.101 of the Texas Tort Claims Act provided that "[a] governmental unit is entitled to receive notice of a claim against it under this chapter" within a specific time period. *Id.* at 177. *See also* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101(a). Section 81.041(a) provided that a person could not sue on a claim against the county unless the person had presented the claim to the commissioners court and the commissioners court had neglected or refused to pay the claim. *See Raymond,* 970 S.W.2d at 177. *Raymond* resolved this tension between the statutes by application of the general proposition of statutory interpretation that "when two statutes concern the same subject matter, the more specific statute controls over the more general statute." *Id.* at 178 (citing *Gregg County,* 933 S.W.2d at 773). *See also* TEX. GOV'T CODE ANN. § 311.026(b). Although not specifically stated in *Raymond* or *Parsons,* it is clear that the reasoning proceeds from the fact that the tort claims act notice provision applies specifically to tort claims against a county, whereas section 81.041(a) in *Raymond* and section 89.004(a) in *Parsons* applied generally to "claims" against a county. *See Raymond,* 970 S.W.2d at 177–78. *See also* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101; TEX. LOCAL GOV'T CODE ANN. § 89.004.

Here, Dallas County asserts section 101.101 is "a notice of claims provision" and "there is no notice of suit provision under the Texas Tort Claims Act." Therefore, Dallas County asserts, "the general section 89.0041(a)-(b) of the Texas Local Government Code controls concerning notice of suit." We disagree.

The rules of statutory construction provide that courts must not confine their review of a statute to isolated statutory words, phrases, or clauses, but must in-

stead examine the entire act. *See Meritor Auto.*, 44 S.W.3d at 90; *Tex. Workers' Comp. Ins. Fund*, 35 S.W.3d at 593. The Texas Supreme Court has recognized that "[t]he Tort Claims Act creates a unique statutory scheme in which ... [s]overeign immunity is waived and abolished to the extent of liability created by [chapter 101]." *Miranda*, 133 S.W.3d at 224; *Rivera*, 146 S.W.3d at 337. As noted above, section 101.101 of the act refers only to "notice of a claim" against a governmental unit. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101. However, section 101.101 is contained in subchapter D, titled "Procedures," which addresses not only claims, but also suits, under the act and provides for notice and method of service with particularity. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.101–.102 (Vernon 2005). Specifically, subchapter D includes section 101.102, titled "Commencement of Suit."[1] *Id.* § 101.102. Under section 101.102(a), a suit under the act "shall be brought in the state court in the county in which the cause of action or a part of the cause of action arises." *Id.* § 101.102(a). Under section 101.102(b), "[t]he pleadings of the suit must name as defendant the governmental unit against which liability is to be established." *Id.* § 101.102(b). Service of citation is addressed in section 101.102(c), which provides:

> In a suit against the state, citation must be served on the secretary of state. In other suits, citation must be served as in other civil cases unless no method of service is provided by law, in which case service may be on the administrative head of the governmental unit being

sued. If the administrative head of the governmental unit is not available, the court in which the suit is pending may authorize service in any manner that affords the governmental unit a fair opportunity to answer and defend the suit. *Id.* § 101.102(c).

As the Texas Supreme Court has said, the Texas Tort Claims Act establishes a "unique statutory scheme" and it specifically addresses tort claims and suits against governmental units. *See Miranda*, 133 S.W.3d at 224; TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.101–.102. While the act does not contain the phrase "notice of suit," the detailed "procedures" in subchapter D addressing, inter alia, notice of claims, venue, identification of the governmental unit against which liability is to be established, and service of citation constitute a comprehensive treatment respecting tort claims and suits against governmental entities within that statutory scheme. Accordingly, we conclude chapter 101, being the more specific statute and one which comprehensively addresses procedures respecting tort claims and suits against a county, applies, in this instance, to the exclusion of section 89.0041, which generally addresses notice of suits against a county without reference to tort suits. *See Raymond*, 970 S.W.2d at 178 (citing *Gregg County*, 933 S.W.2d at 773); *see also* TEX. GOV'T CODE ANN. § 311.026(b) (where conflict between general provision and special or local provision is irreconcilable, special or local provision prevails as exception to general provision, absent "manifest intent" to the contrary). We decide against Dallas County on its sole issue.[2]

---

1. In addition, subchapter D contains sections titled "Legal Representation"; "Evidence of Insurance Coverage"; "Settlement"; "Election of Remedies"; "Payment and Collection of Judgment"; "Ad Valorem Taxes for Payment of Judgment"; and "Payment of Claims Against Certain Universities." *See* TEX. CIV.

PRAC. & REM.CODE ANN. §§ 101.103–.109 (Vernon 2005).

2. Dallas County contends in its reply point number three that section 89.0041 is not limited only to contract suits, as appellees argue, but rather "applies to all suits against the

### III. CONCLUSION

We conclude that because Texas Local Government Code section 89.0041 is inapplicable to appellees' claims brought under the Texas Tort Claims Act, the trial court did not err in denying Dallas County's motion to dismiss and plea to the jurisdiction. We decide against Dallas County on its sole issue. The trial court's order is affirmed.

county or against a county official in the county official's capacity." In support of that argument, Dallas County directs this Court's attention to *Wood v. Walker*, No. 07–05–0392–CV, —— S.W.3d ——, ——, 2007 WL 911825, at *5 (Tex.App.-Amarillo March 27, 2007, no pet. h.), in which the court held section 89.0041 applied to a suit involving claims for declaratory judgment as to the validity of an easement, a temporary and permanent injunction pertaining to obstruction of the easement, and recovery of attorney's fees pursuant to the Uniform Declaratory Judgments Act. In light of our conclusion that section 89.0041 is inapplicable to the claims in this case, brought by appellees under the Texas Tort Claims Act, we need not address that argument.