[COMMENT1] 

 

 

 

 

 

                                      COURT OF APPEALS

                                       SECOND DISTRICT OF TEXAS

                                                   FORT WORTH

 

                                       NO.  2-07-373-CV

 

 

TAMMY HOWLETT                                                              APPELLANT

 

                                                   V.

 

TARRANT COUNTY                                                                APPELLEE

 

                                              ------------

 

           FROM
THE 342ND DISTRICT COURT OF TARRANT COUNTY

                                              ------------

 

                                OPINION ON REHEARING

 

                                               -----------

 

After
reviewing Tarrant County=s motion for rehearing, we deny
the motion.  We withdraw our August 29,
2008 opinion and judgment and substitute the following.








Appellant
Tammy Howlett appeals from the trial court=s order
dismissing her tort claim against Appellee Tarrant County for failure to serve
notice of suit on the county judge and district attorney under local government
code section 89.0041.  Tex. Loc. Gov=t Code
Ann. ' 89.0041
(Vernon 2008).  We reverse and remand.

I.      Background

Howlett
sued the County, alleging she sustained personal injuries when a vehicle driven
by a deputy sheriff collided with the vehicle in which Howlett was a passenger.[1]  The County concedes that Howlett served
presuit notice on the County within the six-month period prescribed by the Tort
Claims Act.  See Tex. Civ. Prac.
& Rem. Code Ann. ' 101.101
(Vernon 2005).  The County filed an
original answer and a motion to dismiss, alleging that Howlett had failed to
serve notice of her lawsuit on the county judge and the district attorney under
local government code section 89.0041.  See
Tex. Loc. Gov=t Code Ann. ' 89.0041.  After a hearing, the trial court granted the
motion to dismiss on August 17, 2007. 

On
September 6, 2007, Howlett filed a AMotion
to Reinstate.@ 
The trial court denied the motion on October 5, 2007.  Howlett filed a notice of appeal on October
31, 2007.








II.     Did the motion to
reinstate extend the deadline to file a notice of appeal?

In her
second issue, Howlett argues that her motion to reinstate was really a misnamed
motion for new trial and as such extended the deadline for filing her notice of
appeal. 

To
perfect an appeal, a party must file a written notice of appeal with the trial
court within thirty days after the trial court signs the judgment.  Tex. R. App. P. 26.1.  But if any party timely files (1) a motion
for new trial, (2) a motion to modify the judgment, (3) a motion to reinstate
under rule of procedure 165a, or (4) a request for findings of fact and
conclusions of law, then the notice of appeal is not due until ninety days
after the trial court signs the judgment. 
Tex. R. App. P. 26.1(a).  A
timely-filed notice of appeal confers jurisdiction on this court, and absent a
timely filed notice of appeal, we must dismiss the appeal.  Verburgt v. Dorner, 959 S.W.2d 615,
617 (Tex. 1997).








The
trial court signed the order dismissing the case on August 17.  Howlett filed her notice of appeal October
31, more than thirty days later.  Thus,
unless Howlett filed a motion that extended the deadline for filing a notice of
appeal under rule 26.1(a), her notice is untimely, and we lack jurisdiction
over the appeal.  See id.  On the other hand, if she filed a
deadline-extending motion under rule 26.1(a), then her notice of appeal, filed
within ninety days of the date the trial court signed the dismissal order, was
timely, and we have jurisdiction.

Howlett
filed a verified Amotion to reinstate@ Apursuant
to Texas Rules of Civil Procedure, Rule 165a(3)@ twenty
days after the trial court signed the order dismissing her claims against the
County.  The motion cited a recent case
in which the Dallas court of appeals held that local government code section
89.0041 does not apply to a claim brought under the Tort Claims Act and asked
the trial court to Areinstate@ Howlett=s claim.


Rule
165a concerns dismissal for want of prosecution.  Tex. R. Civ. P. 165a.  Section 3 of the rule provides that a party
may file a verified motion to reinstate a claim dismissed for want of prosecution
within thirty days after the trial court signs the order of dismissal.  Tex. R. Civ. P. 165a(3).

The
trial court did not dismiss Howlett=s claim
for want of prosecution.  Therefore, the
reinstatement procedure set forth in rule 165a(3) was inapplicable, and her
motion to reinstate under that rule was inapposite.  Under the circumstances, a motion for new
trial would have been the appropriate instrument to file.








But the
explicit provision in rule 26.1(a), providing that a timely-filed motion to
reinstate extends the deadline for filing a notice of appeal, does not limit
the deadline-extending effect of a timely motion to reinstate to only those
circumstances where the motion is meritorious or even appropriate.  Thus, under the plain language of the rule,
the filing of a motion to reinstate that meets the requirements of rule 165a
will extend the deadline to file a notice of appeal, even if the trial court
did not dismiss the underlying claim for want of prosecution under rule
165a.  See Tex. R. App. P.
26.1(a).

Under
rule 165a, a motion to reinstate must (1) be filed within thirty days of the
date the trial court signed the order and (2) be verified.  Tex. R. Civ. P. 165a(3).  Howlett filed her motion within thirty days
of the date the trial court signed the dismissal order, and her counsel
verified the motion.  Therefore, her
motion met the requirements of rule 165a, and while the motion was not the
appropriate or best procedure to bring recent case law to the trial court=s
attention, it was sufficient to extend the deadline to file her notice of
appeal under rule 26.1(a).  Thus, for
purposes of determining whether Howlett timely filed her notice of appeal, we
need not decide whether her motion to reinstate was really a misnamed motion
for new trial.








The
County cites Butts v. Capitol City Nursing Home, Inc., for the
proposition that a motion to reinstate under rule 165a is not a motion for new
trial and will not extend the deadline for filing a notice of appeal.  See 700 S.W.2d 628 (Tex. App.CAustin
1985), writ ref=d n.r.e., 705
S.W.2d 696 (Tex. 1986).  In Butts,
the trial court dismissed the plaintiff=s claims
for want of prosecution.  Id. at
629.  The plaintiff filed a timely but
unverified motion to reinstate and later filed a notice of appeal more than
thirty days after the trial court signed the order of dismissal.  Id. 
On appeal, the plaintiff suggested that the court of appeals treat the
unverified motion to reinstate as a motion for new trial.  Id. at 630.  The court of appeals dismissed the appeal for
want of jurisdiction, stating, AWithout
treating every motion to reinstate as a motion for new trial, it is difficult
to see how the motion in question could be other than a motion to reinstate.@  Id. 
In denying writ, no reversible error, the supreme court noted that if
the plaintiff=s motion to reinstate had been
verified as required by rule 165a, it would have extended the time for
perfecting appeal.  Butts v. Capitol
City Nursing Home, Inc., 705 S.W.2d 696, 697 (Tex. 1986).








Butts is
distinguishable from this case because Howlett filed a timely, verified motion
under rule 165a that extended the time for perfecting appeal under rule
26.1(a).  Therefore, unlike the court of
appeals in Butts, we need not decide whether Howlett=s motion
to reinstate should be treated as a motion for new trial.  But even if we approach the question from
that angle, it is clear that Howlett=s motion
sought a Asubstantial change@ in the
judgment and, as such, it qualified as a motion to modify, correct, or reform
the judgment that extended the appellate timetable.  See Tex. R. App. P. 26.1(a)(2); Tex.
R. Civ. P. 329b(g); Lane Bank Equip. Co. v. Smith S. Equip. Inc., 10
S.W.3d 308, 314 (Tex. 2000).

In light
of the foregoing discussion, we hold that Howlett=s motion
to reinstate extended the deadline for filing her notice of appeal, that she
timely filed her notice of appeal, and that we have jurisdiction over the
appeal.  We sustain Howlett=s second
issue.

III.     Does section 89.0041
apply to claims filed under the Tort Claims Act?

In her
first issue, Howlett argues that local government code section 89.0041=s
postsuit notice requirement does not apply to claims brought under the Tort
Claims Act.

Section
89.0041 provides as follows:

(a) A person filing suit against a county or against a county official
in the official=s capacity as a county
official shall deliver written notice to:

 

(1) the county judge; and

 

(2) the county or district attorney having jurisdiction to defend the
county in a civil suit.

 

(b) The written notice must be delivered by certified or registered mail
by the 30th business day after suit is filed and contain:

 

(1) the style and cause number of the suit;

 

(2) the court in which the suit was filed;

 

(3) the date on which the suit was filed; and








(4) the name of the person filing suit.

 

(c) If a person does not give notice as required by this section, the
court in which the suit is pending shall dismiss the suit on a motion for
dismissal made by the county or the county official.

 

Tex. Loc. Gov=t Code
Ann. ' 89.0041.

Howlett
concedes that she did not give the notice required by section 89.0041, but she
argues that the section does not apply to claims brought under the Tort Claims
Act, which requires a claimant to provide a governmental defendant presuit
notice of the claim.  Tex. Civ. Prac.
& Rem. Code Ann. ' 101.101 (Vernon 2006).

Howlett
relies solely on a case so holding from the Dallas court of appeals, Dallas
County v. Coutee, 233 S.W.3d 542 (Tex. App.CDallas
2007, pet denied).  Coutee sued Dallas
County under the Tort Claims Act, alleging that a vehicle driven by a deputy
sheriff collided with a vehicle in which Coutee was traveling.  Id. at 543.  The county did not dispute that Coutee gave
presuit notice under the Tort Claims Act, but it moved to dismiss her claims
for failing to give postsuit notice under section 89.0041.  Id. 
The trial court denied the motion, and the county appealed.  Id.








The
Dallas court noted that the Tort Claims Act is a unique statutory scheme that
specifically addresses all aspects of tort claims against governmental units,
including notice of claims, venue, identification of the governmental unit against
which liability is to be established, and service of citation.  Id. at 547 (quoting Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 224 (Tex.
2004)).  Section 89.0041, on the other
hand, generally addresses notices of suits against counties without reference
to tort suits.  Id.; Tex. Loc. Gov=t Code
Ann. ' 89.0041.  Applying the rule of construction codified in
section 311.026 of the Code Construction Act that specific statutes control
over general statutes, also called the doctrine of in pari materia, the
court held that the specific notice provision of the Tort Claims Act applies to
the exclusion of the general notice provision of section 89.0041.  Coutee, 233 S.W.3d at 547; see
Tex. Gov=t Code
Ann. ' 311.026
(Vernon 2008).  In other words, a
claimant pursuing a tort claim against a county must comply with the Tort
Claims Act=s notice provisions and not
those of section 89.0041.[2]  See id. 
     We disagree with the
conclusion reached by the Dallas court in Coutee  that the doctrine of in pari materia applies
to our interpretation of section 89.0041. 
Section 311.026 of the code construction act provides as follows:








(a) If a general provision conflicts with a special or local
provision, the provisions shall be construed, if possible, so that effect is
given to both.

 

(b) If the conflict between the general provision and the special or
local provision is irreconcilable, the special or local provision prevails as
an exception to the general provision, unless the general provision is the
later enactment and the manifest intent is that the general provision prevail.

 

Tex. Gov=t Code Ann. ' 311.026 (Vernon
2008).  That rule applies only if two
statutes share a common purpose or object. 
Strickland v. State, 193 S.W.3d 662, 666 (Tex. App.CFort
Worth 2006, pet. ref=d).  If the statutes share a common purpose or
object, they must be harmonized if possible. 
Id.; Tex. Gov=t Code
Ann. ' 311.026(a);
see also La Sara Grain Co. v. First Nat=l Bank
of Mercedes, 673 S.W.2d 558, 565 (Tex. 1984) (AGenerally,
courts are to construe statutes so as to harmonize with other relevant laws, if
possible.@).  Only if the statutes irreconcilably conflict
and cannot be harmonized does the specific statute apply to the exclusion of
the general.  Tex. Gov=t Code
Ann. '
311.026(b); Strickland, 193 S.W.3d at 666. 








Section
311.026 does not apply to the two statutes at issue here because the statutes
do not share a common purpose or object. 
Tort Claims Act section 101.101 concerns presuit notice of a
claim, whereas local government code section 89.0041 concerns postfiling
notice of the suit itself.  The purpose
of notice under section 101.101 is Ato
ensure prompt reporting of claims in order to enable governmental units to
gather information necessary to guard against unfounded claims, settle claims,
and prepare for trial.@ 
Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995).  The apparent purpose of section 89.0041 is to
ensure that the person responsible for answering and defending the suitCthe
county or district attorneyChas
actual notice of the suit itself.  See Loc.
Gov=t Code
Ann. '
89.0041.  Thus, the two statutes do not
share a common purpose or object, and the doctrine of in pari materia and
Code Construction Act section 311.026 do not apply.

Even if we
assume that the statutes share a common purpose or object, they do not conflict
and can be harmonized.  Giving presuit
notice of a claim under section 101.101 does not preclude a party from giving
postfiling notice of suit under section 89.0041.  Nothing prevents a party like Howlett who
asserts a tort claim against a county from complying with the requirements of
both Tort Claims Act section 101.101 and local government code section 89.0041.








Because
Tort Claims Act section 101.101 and local government code section 89.0041 do
not share a common purpose, and because even if they did share a common
purpose, they can be harmonized, we hold that a party asserting a Tort Claims
Act claim against a county must furnish both the presuit notice required by
Tort Claims Act section 101.101 and the postsuit notice required by local
government code section 89.0041.  

IV.    Did substantial compliance
with section 89.0041 suffice?

Howlett
allegedly sustained personal injuries on April 26, 2005.  The County concedes that it received presuit
notice of Howlett=s claims for damages by a letter
from her attorney on May 10, 2005, within the six-month period set by the Tort
Claims Act. See Tex. Civ. Prac. & Rem. Code ' 101.101
(Vernon 2005).[3]  The receipt of that letter was  acknowledged in a response letter from the
Tarrant County District Attorney, dated August 8, 2005, and signed by
Christopher W. Ponder, Assistant District Attorney, in which he advised Howlett=s
attorney to direct any future telephone calls or correspondence to that office.









Howlett
filed suit on April 16, 2007, and served the county judge with her
petition.  Her original petition
specifically alleges that ADefendant,
TARRANT COUNTY, a county in Texas, may be served with process by serving the
county judge, B. Glen Whitley@ and
sets forth the address for service.  The
unty acknowledges that it received service on May 1, 2007.  Thus, the ty judge County Judge of Tarrant
County was served with written notice of Howlett=s suit
before the 30th day after suit was filed (by serving the original petition on
the county judge) as directed by section 89.0041(a)(1).  Tex. Loc. Gov=t Code
Ann. '
89.0041(a)(1).








The
Tarrant County District Attorney=s Office
answered on behalf of the County and its employee thirty-six days after suit
was filed.  Thus, the County and its
employee received actual knowledge of each item required to be included in the
postsuit notice under local government code section 89.0041(b):  the style and cause number of the case, the
court in which it was filed, the date suit was filed, and the name of the
person filing suit.  Id. '
89.0041(b).       Applying the rule of construction that we are to consider the
objective of the statute, which is Ato
ensure that the person responsible for answering and defending the suitCthe
county or district attorneyChas
actual notice of the suit itself,@ we find
that this objective is accomplished by substantial compliance and that such
compliance was achieved here.  See
Ballesteros v. Nueces County, 286 S.W.3d 566, 570 (Tex. App.CCorpus
Christi 2009, pet. filed) (op. on reh=g)
(holding substantial compliance with section 89.0041 by proof of actual notice
sufficient); Dallas County v. Autry, 251 S.W.3d 155, 158 (Tex. App.CDallas
2008, pet. denied) (same); Dallas County v. Coskey, 247 S.W.3d 753, 756
(Tex. App.CDallas 2008, pet. denied)
(same); but see Roccaforte, 281 S.W.3d at 236B37
(refusing to find substantial compliance exception to section 89.0041 under
circumstances where plaintiff made no attempt to comply).  Having concluded that Howlett substantially
complied with the postsuit notice requirement of local government code section
89.0041, we sustain her first issue.

V.     Conclusion

Having
sustained Howlett=s first and second issues and
held that she timely filed her notice of appeal and substantially complied with
local government code section 89.0041, we reverse the judgment of the trial
court dismissing her suit and remand this cause for further proceedings
consistent with this opinion.

 

 

ANNE GARDNER

JUSTICE

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

WALKER, J. filed a
concurring opinion.

 

DELIVERED:  December 3, 2009

 

 

 

 

 











 
 
 
 
 
 
 




 

 

 

 

 

 

                                      COURT OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO. 2-07-373-CV

 

 

TAMMY HOWLETT                                                              APPELLANT

 

                                                   V.

 

TARRANT COUNTY                                                                APPELLEE

 

                                              ------------

 

           FROM THE 342ND DISTRICT COURT OF TARRANT
COUNTY

 

                                              ------------

 

                     CONCURRING OPINION ON REHEARING

 

                                              ------------








I concur
with the majority=s opinion on rehearing denying
Appellee Tarrant County=s motion for rehearing in this
appeal.  The majority correctly holds
that Appellant Tammy Howlett substantially complied with section 89.0041 of the
Texas Local Government Code if that section is applicable to her suit.  See Tex. Loc. Gov=t Code
Ann. ' 89.0041
(Vernon 2008).  I write separately,
however, because I disagree with the majority=s
analysis of Dallas County v. Coutee, 233 S.W.3d 542, 543 (Tex. App.CDallas
2007, pet. denied), and analysis of the scope of applicability of section
89.0041; in light of the majority=s
holding that Howlett substantially complied with section 89.0041, I believe
that the majority=s analysis of Coutee and
of the scope of applicability of section 89.0041 are dicta.  See Black=s Law
Dictionary 409 (5th ed. 1979) (defining dictum as an observation or remark made
concerning some rule, principle, or application of law suggested in a
particular case, which observation or remark is not necessary to the
determination of the case); see generally Cont=l Cas.
Ins. Co. v. Functional Restoration Assocs., 19 S.W.3d 393, 400 n.6
(Tex. 2000) (noting dicta is not binding); Pierre N. Leval, Judging
Under the Constitution: Dicta About Dicta, 81 N.Y.U. L. Rev. 1249, 1261B63
(2006) (discussing reasons that Adisfavor
lawmaking through dictum@).  Because I agree with the majority=s ultimate
holding that, in any event, Howlett substantially complied with section
89.0041, I respectfully concur.

 

SUE WALKER

JUSTICE

 

DELIVERED:
December 3, 2009











[1]Howlett also sued the
deputy sheriff.  The trial court
dismissed her claims against the deputy upon the County=s motion under the
election of remedies provision of the Tort Claims Act, and Howlett has not appealed
that dismissal.  See Tex. Civ.
Prac. & Rem. Code Ann. ' 101.106(e) (Vernon 2005).





[2]In reaching this
conclusion, the Dallas court relied on its holdings in two earlier
cases, Raymond v. Hanson, 970 S.W.2d 175 (Tex. App.CDallas 1998, no pet.),
and Parsons v. Dallas County, 197 S.W.3d 915 (Tex. App.CDallas 2006, no
pet.).  Raymond and Parsons both
held that a Tort Claims Act claimant was not required to comply with the
presuit notice-of-claim provision of a different section of the local
government code, section 89.004(a).  Parsons,
197 S.W.3d at 919B20; Raymond, 970
S.W.2d at 178.





[3]The record also
establishes presentment by Howlett of her claim and its denial by the
commissioner=s court on February 1,
2006.  See Tex. Local Gov=t Code Ann. ' 89.004 (providing suit
may not be filed against county or elected or appointed county official unless
claim is presented and commissioners court neglects or refuses to pay all or
part of claim before 60th day after presentment).















 [COMMENT1]

Majority Justice Gardner

Concurrence Justice
Walker