**Brian PARSONS, Appellant,**

v.

**DALLAS COUNTY, Texas and Sheriff Jim Bowles, Appellees.**

**No. 05–04–01824–CV.**

Court of Appeals of Texas,
Dallas.

July 28, 2006.

Rehearing Overruled Aug. 28, 2006.

Brian Parsons, Leonard, for Appellant.

Karen Ann Schroeder–Tabary, Greg Long, Assistant District Attorney, Dallas, for Appellee.

Before Justices MORRIS, MOSELEY, and FITZGERALD.

## OPINION

Opinion by Justice FITZGERALD.

Brian Parsons sued Dallas County, Texas and Sheriff Jim Bowles for personal injuries he allegedly sustained while an inmate in a Dallas County facility. Appellees moved to dismiss the lawsuit, calling it frivolous within the meaning of chapter 14 of the Texas Civil Practice and Remedies Code. The trial court granted the motion, and Parsons appeals. For the reasons discussed below, we reverse the judgment of the trial court and remand the case for further proceedings.

### THE INMATE SUIT

Parsons was an inmate at the time he filed suit against the County and Bowles. He also filed a declaration of inability to pay costs. Therefore, his lawsuit was governed by the requirements of chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002(a) (Vernon 2002) ("This chapter applies only to a suit brought by an inmate ... in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.").

Parsons pleaded negligence claims arising out of three incidents: (1) a fall that occurred when he leaned against a table and the steel table top, which was not anchored in any way, slid out from under him; (2) a jail officer's use of a steel food cart rather than a wheelchair to transport Parsons when he returned from the hospi-

tal and needed to be taken to the nurse's office; and (3) the mishandling of Parsons' medical records and medical information by Dallas County jail personnel after he was transferred to Collin County.[1] In each instance, Parsons pleaded that his injuries were caused by a condition or use of tangible personal property. Thus, Parsons claimed, the defendants had waived sovereign immunity for his claims in the Texas Tort Claims Act (the "Act"). *See* Act at § 101.021(2) ("A governmental unit in the state is liable for .... personal injury and death so caused by a condition or use of tangible personal or real property ...").

The defendants' answer generally denied Parsons' claims and raised various affirmative and verified defenses, including sovereign and official immunity. The answer included a plea to the jurisdiction on sovereign immunity grounds.

### THE MOTION TO DISMISS

The defendants filed a motion to dismiss Parsons' suit, alleging his claim was frivolous because:

1) [Parsons] failed to give notice as per the Texas Civil Practice and Remedies Code section 101.101 and/or failed to present a claim to the Dallas County Commissioners Court pursuant to Texas Local Government Code section 89.004,

2) [Parsons] failed to file an affidavit attesting to his prior lawsuit history,

3) [Parsons] failed to file a certified trust account balance to prove his inability to pay costs, and

4) [Parsons'] claims have no arguable basis in law and have no realistic chance of ultimate success.

---

1. Parsons alleges that the second and third incidents aggravated the injuries he suffered from the original fall.

On October 5, 2004, Parsons received a copy of the motion to dismiss and learned that the motion was set for hearing on October 18, 2004. Parsons filed a motion to extend the time for him to respond, explaining that he was scheduled to be in the hospital for a portion of the time remaining for him to file a response. Parsons also filed a motion requesting permission to participate by conference call in the hearing of the motion to dismiss. The two motions are file-stamped October 18, the day of the hearing.[2] Neither motion was ruled upon by the trial court.[3]

The hearing proceeded on the scheduled date. The trial judge noted that Parsons had appropriate notice of the hearing and confirmed with appellees' counsel that this case was "the kind" that could be dismissed on its face without a hearing. Appellees' counsel asserted that Parsons "did fail to give notice to Dallas County, he failed to prove his inability to pay costs, and he failed to state a claim that had any chance of success." The trial judge asked what Parsons' "basic premise" was that made this a frivolous action. In response, appellees' counsel made this representation about Parsons' claim:

> Well, his basic premise is that he fell off a—a bed at the jail, Dallas County jail, but I—in my research I pointed out that sovereign immunity does protect the County in that—in that situation because property does not cause injury if it does no more than furnish the condition that makes the injury possible. We have case law to support that. To be— to be liable in that situation, we would

have to have an employee causing the bed to—to hurt the inmate, and we didn't here.

> Here the plaintiff to state a claim, the plaintiff must have alleged that the property was used or misused by a governmental employee acting within the scope of his employment and the use of the property proximately caused the personal injury, and here we do not have that.

The trial judge then offered to take judicial notice of the contents of the file and granted the motion. His order states the dismissal is pursuant to section 14.003(a)(2) of the civil practices and remedies code, which states "the claim is frivolous or malicious."

Parsons appealed.

### PARSONS' APPEAL[4]

The bulk of Parsons' substantive appeal centers on his first two issues. There, Parsons contends the trial court abused its discretion by dismissing his suit as frivolous under section 14.003(a)(2), and specifically urges that he properly pleaded grounds for waiver of sovereign immunity under the Act. In the court below, appellees made three procedural arguments and one substantive argument for finding Parsons' claim frivolous. We agree with Parsons that none of the arguments survives scrutiny.

### Notice of Claims

■ In the first ground of the motion to dismiss, appellees argued that Parsons

---

2. Parsons' certificate of service is dated October 7, 2004.

3. Parsons did mail a response to the motion. It is file-stamped with the date November 1, 2004.

4. As preliminary matters, appellees challenged Parsons' indigency and this Court's

jurisdiction. The indigency challenge was heard and rejected below.

The jurisdictional issue was also rejected in this Court's January 6, 2006 order and opinion, which concluded the appeal was a valid restricted appeal. The opinion and order resolved Parsons' fourth issue, leaving only three to be resolved at this time.

failed to give notice of his claim pursuant to the Act and failed to present his claim to the Dallas County Commissioners Court pursuant to the Texas Local Government Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 2005) ("A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred."); TEX. LOCAL GOV'T CODE ANN. § 89.004(a) (Vernon Supp.2005) ("a person may not file suit on a claim against county or [a] ... county official ... unless the person has presented the claim to the commissioners court" and the commissioners fails to pay the claim within 60 days of presentation).

The argument fails on a number of levels. The Act requires a claimant give a governmental entity notice of the circumstances of the incident and the claimant's injuries within six months of the incident giving rise to the claim. TEX. CIV. PRAC. & REM.CODE § 101.101(a). Parsons' live pleading asserts this notice was in fact given in a letter sent timely by his counsel at the time. Appellees' attempted to controvert the allegation of timely written notice by asserting in their motion to dismiss: "Dallas County Commissioners Court Administrator, J. Allen Clemson, has attested to the fact that Mr. Parsons failed to properly give notice or present his claim. *See Verification attached to the Defendants' First Amended Answer and Plea to the Jurisdiction* which is incorporated by reference." In the verification to appellees' First Amended Answer and Plea to the Jurisdiction, Clemson swears, "that the facts contained in Roman Numeral II, Verified Denials, are true and correct and within the personal knowledge of Dallas County." In Roman Numeral II of that pleading, appellees "assert that they do not have the legal capacity to be sued. In addition, Defendants make the verified denial and assert that they are not liable in the capacity in which they are being sued."

Contrary to appellees' assertion in their motion to dismiss, Clemson's verification did not provide evidence that Parsons' failed to give the County the notice required by section 101.101(a).

■ Moreover, section 101.101(c) makes clear that written notice is not necessary when the governmental entities have actual notice of the injuries. Actual notice exists when the governmental entity has (1) actual knowledge of (a) a death, injury, or property damage and (b) the identity of the parties involved and (2) subjective awareness of its fault. *Tex. Dep't of Criminal Justice v. Simons,* 140 S.W.3d 338, 344, 347–48 (Tex.2004). In this case, it is undisputed that employees of the jail facility arranged for Parsons to be taken by ambulance to the hospital after his fall. Those arrangements indicate the employees had immediate actual notice of the original incident, of Parsons' injuries; and the unanchored table's role in the injuries provided the County with subjective awareness of its fault.

■ Appellees also argued in their motion to dismiss that Parsons's claims are frivolous because he did not present them to the commissioners court before bringing suit as required by section 89.004. *See* TEX. LOCAL GOV'T CODE ANN. § 89.004(a) (Vernon Supp.2005) ("a person may not file suit on a claim against county or [a] ... county official ... unless the person has presented the claim to the commissioners court" and the commissioners fails to pay the claim within 60 days of presentation). This Court's opinion in *Raymond v. Hanson,* 970 S.W.2d 175, 178 (Tex.App.-Dallas 1998, no pet.), stated that "[W]e follow the line of cases holding that section 81.041(a) [now section 89.004(a)] does not apply to actions brought under the tort claims act because the notice provision contained in section 101.101 of that act constitutes the exclusive notice requirement for bringing

suit under that statute." Likewise, in this case, Local Government Code section 89.004(a) does not apply to Parsons' claims brought under the Act.

We conclude appellees failed to show they did not receive notice of Parsons' claims under section 101.101(a), and we also conclude the County failed to show it lacked actual notice under section 101.101(c). Accordingly, appellees' assertion of lack of notice under section 101.101 did not support the trial court's dismissal of Parsons' claims as frivolous and malicious.

### Declaration of Previous Lawsuits

■ Appellees' second procedural ground for dismissal below stated that Parsons failed to file an affidavit or declaration attesting to his prior lawsuit history. But the record establishes that on June 23, 2004, when Parsons filed his original petition, he also filed a declaration attesting to his prior lawsuit history. The motion also averred that the declaration was inadequate because it was not accompanied by a certified copy of Parsons' trust account, as required by law. *See* TEX. CIV. PRAC. & REM.CODE § 14.004(c). But again, the record establishes that when Parsons filed his original petition, he filed the required account statement. Whether this ground of the motion was based on the absence of a declaration or the absence of an accompanying account statement, the ground was baseless.

■ On appeal, appellees make a new argument. Here, appellees argue the declaration is legally insufficient, stating emphatically that the declaration fails to disclose "whether [Parsons] has filed any other suits against other defendants." This argument was not presented to the trial court. If the argument were preserved, however, it would fail. The declaration states in substantive part:

1) I have no Pro-se filings at all. I have only one Previous lawsuit and it is pending, however I am represented by an Attorney regarding that case, it was prepared and filed by my Attorney. I am not nor have I been a party to any other suits.

2) The Pending suit is brought in accordance with the Americans with Disabilities Act and Texas Accessibility Standards, regarding violations in the Collin County Jail and Courthouse.

3) The case is filed in federal Court Eastern District of Texas, Sherman Division, Civil Action No. 4:02CV280.

4) Plaintiff is Brian Parsons
   Defendants are Sheriff Terry Box and Collin County

5) The case is still pending

In paragraph 1, Parsons describes his one pending suit. Then he declares, under penalty of perjury, "I am not nor have I been a party to any other suits." Appellees' argument that Parsons has failed to disclose "whether he has filed any other suits against other defendants" is without merit.

### Certified Copy of Trust Account

■ The third procedural ground of the motion to dismiss argued that Parsons failed to file a certified trust account balance to prove his inability to pay costs, making his declaration of inability to pay costs insufficient. As has already been discussed, Parsons did file the certified account statement required by chapter 14.

■ Once again, appellees revise their argument on appeal. In the trial court, the motion focused on the purportedly missing account statement. In this Court, appellees argue that Parsons' declaration of inability to pay is false. Again, appellees' argument was not presented to the trial court. However, the argument is also

based on allegations that have absolutely no basis in evidence. Appellees merely speculate that because (1) Parsons' pending lawsuit is being prosecuted by an attorney, and (2) Parsons' monthly income (gifts from family and friends) approximates his monthly expenses, the allegation of his indigency must be false. We refuse to engage in this kind of rank speculation.

We conclude that none of the three procedural grounds argued below as grounds for dismissal will support a finding that the lawsuit was frivolous. The record indicates Parsons complied with all procedural requirements of an inmate suit. Accordingly, if the trial court relied on one or more of these grounds to find that Parsons' suit was frivolous, that reliance was an abuse of discretion.

### Sovereign Immunity

■ Appellees did raise one substantive ground below as a basis for dismissal: the motion to dismiss argued that Parsons' claims were barred by sovereign immunity. According to appellees, Parsons' claims had no arguable basis in law. *See* Tex. Civ. Prac. & Rem.Code § 14.003(b)(2). But the motion's section on sovereign immunity is merely a lengthy statement of boilerplate law concerning the doctrine of sovereign immunity. The motion does not apply that law to the facts pleaded by Parsons, and the motion does not address or attempt to refute Parsons' pleadings concerning waiver of sovereign immunity.

As to the substantive point at issue, Parsons' lawsuit should not have been dismissed on immunity grounds unless, as appellees argue, the claim has no basis in law.[5] We review the question of whether Parsons' claims have any basis in law de novo. *Moreland v. Johnson*, 95 S.W.3d 392, 394 (Tex.App.-Houston [1st Dist.] 2002, no pet.). We cannot agree that Parsons' argument for waiver of immunity

under the Act has no basis in law. His pleadings argue that he was injured directly by the defective condition of a table, which is tangible personal property. He argues his injuries were aggravated by the appellees' use or misuse of a steel food cart and his medical records; the cart and the records are tangible personal property. We do not speculate as to the ultimate success of Parsons' claims. But we conclude he has pleaded facts sufficient to show those claims have a basis in law. Sovereign immunity, and particularly the sub-issue of whether injuries are caused by the condition or use of tangible property, is a heavily litigated issue. *See, e.g.,* *Tex. A & M Univ. v. Bishop*, 156 S.W.3d 580 (Tex.2005). Parsons has pleaded his claims within this doctrine sufficiently to avoid dismissal under chapter 14.

We conclude that if the trial court granted the motion to dismiss on the ground that Parsons' waiver-of-immunity claim had no basis in law, it did so erroneously.

### EVIDENTIARY HEARING

Parsons' third issue on appeal avers the trial court erred in accepting and hearing evidence from appellees at the October 18, 2004 hearing, without the court reporter and Parsons being present. Our appellate record includes the court reporter's record of that hearing; Parsons is clearly incorrect when he alleges the reporter was not present for the hearing. Moreover, our review of the record establishes no evidence of any kind was offered at the hearing. If Parsons is arguing that evidence was somehow offered outside of the record, we have no indication of such an occurrence. We decide Parsons' third issue against him.

---

5. Appellees did not challenge Parsons' claim factually in the trial court.

CONCLUSION

We conclude the trial court abused its discretion to the extent its ground for dismissal was a failure to comply with the procedural requirements of chapter 14 of the Texas Civil Practice and Remedies Code. We further conclude the trial court erroneously determined Parsons' argument for immunity was frivolous as a matter of law. Accordingly, we reverse the order of the trial court dismissing Parsons' claim as frivolous, and we remand this case to the trial court for further proceedings.