Opinion issued October 1, 2009













In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00064-CV




THE UNIVERSITY OF TEXAS MEDICAL BRANCH AT GALVESTON,
Appellant

V.

DAWN NICO BRISCO, Appellee




On Appeal from the 56th District Court
Galveston County, Texas
Trial Court Cause No. 07CV0675




MEMORANDUM OPINION
          Appellant, The University of Texas Medical Branch at Galveston (UTMB),
appeals the trial court’s denial of its plea to the jurisdiction and motion to dismiss,
arguing that governmental immunity bars the claims of appellee Dawn Nico Brisco.
          We reverse and render a judgment of dismissal.
Background
          On April 19, 2005, Brisco had vocal-cord surgery at UTMB.


 Her symptoms
persisted after surgery, and Brisco sought additional medical care from UTMB
doctors through early 2007. In November 2006, Brisco consulted with a voice
specialist, who concluded that Brisco “sustained severe scarring of the soft tissues”
as a result of her vocal-cord surgery. In August 2007, Brisco was diagnosed with
laryngeal cancer.
          Meanwhile, on April 16, 2007, Brisco’s attorney notified UTMB by letter that
Brisco was pursuing a health-care liability claim. The notice letter stated, “On April
19, 2005, Dawn N. Brisco was admitted to [UTMB] for treatment of bilateral true
vocal cord epitheliad damage and Reinke’s edema. As a result of the negligence of
the hospital, Ms. Brisco suffered injury.” On June 15, 2007, Brisco sued UTMB and
two treating physicians. Brisco alleged, “The care or treatment consisted of micro
laryngoscopy with micro flap dissection of bilateral true vocal cords and suction of
Reinke’s edema; all beginning on or about April 19, 2005 and continued until March
of 2007.” Brisco further alleged:
Defendant’s [sic] jointly and/or severally [sic] failure or refusal to
properly diagnose, treat, provide care and adequate follow up care,
inform, consult with specialist and refer her to a specialist for further
medical diagnosis or treatment. Further, Plaintiff would argue and urge
that the injury and damage to Plaintiff’s vocal cords was due to an
Airway Fire, which occurred during the laryngoscopy. Plaintiff states
that the specific acts and omissions of the Defendants were the
proximate cause of said injuries.
 
Brisco specifically alleged eight failures by UTMB to take some action and one
instance of performing “needless and unnecessary micro suspension laryngoscopy or
laser surgery.” Brisco alleged that UTMB was negligent:
          (1)     In failing to warn the Plaintiff during the existence of the hospital-patient relationship of the dangers resulting from University of
Texas Medical Branch at Galveston and University of Texas
System’s incompetent treatment;
 
          (2)     In failing to properly perform the medical treatment necessary to
the Plaintiff’s welfare according to the standards set by the
medical profession;
 
          (3)     By failing to recognize and/or acknowledge its recognition of the
Plaintiff’s symptoms that resulted from its treatment of the
Plaintiff;
 
          (4)     By failing to fully and completely disclose the risks and/or hazards
of micro suspension laryngoscopy or laser surgery;
 
          (5)     By performing needless and unnecessary micro suspension
laryngoscopy or laser surgery upon Plaintiff’s person when a less
severe means of treatment could have provided the necessary and
proper cure for Plaintiff’s medical condition;
 
          (6)     By failing to consult a specialist in the field of gastroenterology,
when the Defendant knew or should have known that its skills,
knowledge or facilities were inadequate to properly treat the
Plaintiff under the circumstances as they then existed;
 
          (7)     By failing to provide Plaintiff with adequate competent staff to
meet her requirements; and
 
          (8)     By failing to use and/or misusing the laser used to perform the
Plaintiff’s surgery ; providing defective equipment for said surgery
or misreading the equipment during the surgical procedure on
April 19, 2007.
 
          UTMB answered the suit and filed a plea to the jurisdiction and motion to
dismiss, arguing that Brisco did not comply with the notice requirement of the Texas
Tort Claims Act because the alleged incident occurred on April 19, 2005, and
Brisco’s notice was dated April 16, 2007. Brisco responded, arguing that the incident
was a continuing course of medical care, which concluded around February 23, 2007,
making the April 2007 notice timely. The trial court overruled appellant’s plea to the
jurisdiction and denied its motion to dismiss. UTMB brings this interlocutory appeal
from that order.



 
Standard of Review
          A plea to the jurisdiction based on governmental immunity questions a trial
court’s subject-matter jurisdiction. State v. Holland, 221 S.W.3d 639, 642 (Tex.
2007); Tex. Dep’t of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225–26 (Tex.
2004). Because subject-matter jurisdiction is a question of law, we review a trial
court’s ruling on a plea to the jurisdiction de novo. Holland, 221 S.W.3d at 642;
Miranda, 133 S.W.3d at 226.
          In reviewing a trial court’s jurisdictional ruling, we construe the pleadings in
the plaintiff’s favor and look to the pleader’s intent. Miranda, 133 S.W.3d at 226. 
We do not consider the merits of the case; rather we consider only the pleadings and
evidence relevant to the jurisdictional inquiry. Id. First, we determine if the
plaintiff’s petition alleges facts sufficient to demonstrate that jurisdiction exists. 
Holland, 221 S.W.3d at 642–43; Miranda, 133 S.W.3d at 226. Sometimes, however,
a plea to the jurisdiction may require the court to consider evidence pertaining to
jurisdictional facts. Holland, 221 S.W.3d at 643; Miranda, 133 S.W.3d at 227. “A
plea should not be granted if a fact issue is presented as to the court’s jurisdiction, but
if the relevant undisputed evidence negates jurisdiction, then the plea to the
jurisdiction must be granted.” Holland, 221 S.W.3d at 643 (citing Miranda, 133
S.W.3d at 227–28).
Governmental Immunity and the Texas Tort Claims Act
          Governmental immunity deprives a trial court of subject-matter jurisdiction for
suits against the State or certain governmental units, unless the State consents to suit. 
Miranda, 133 S.W.3d at 224. The Texas Tort Claims Act (TTCA) provides a limited
waiver of governmental immunity, under which immunity from suit is coextensive
with immunity from liability. Id. at 224–25; Tex. Civ. Prac. & Rem. Code Ann.
§§ 101.001–.109 (Vernon 2005). The plaintiff bears the burden of demonstrating
how the TTCA has waived a governmental unit’s immunity from suit. Dallas Area
Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003). To determine whether
the plaintiff has met that burden, we consider the facts alleged by the plaintiff and,
to the extent it is relevant to the jurisdictional issue, the evidence submitted by the
parties. Id. (quoting Tex. Natural Res. Conservation Comm’n. v. White, 46 S.W.3d
864, 868 (Tex. 2001)). 
          Under the TTCA, a governmental unit is liable for “personal injury and death
so caused by a condition or use of tangible personal or real property if the
governmental unit would, were it a private person, be liable to the claimant according
to Texas law.” Tex. Civ. Prac. & Rem. Code Ann. § 101.021(2). Therefore, the
plaintiff must allege, among other things, that the property’s use proximately caused
the personal injury or death. See Dallas County Mental Health & Mental Retardation
v. Bossley, 968 S.W.2d 339, 342–43 (Tex. 1998). “Use” means “to put or bring into
action or service; to employ for or apply to a given purpose.” San Antonio State
Hosp. v. Cowan, 128 S.W.3d 244, 246 (Tex. 2004). Moreover, the Texas Supreme
Court has expressly held that allegations of non-use of property cannot support a
claim under the TTCA’s limited waiver of sovereign immunity. Texas Dep’t of
Criminal Justice v. Miller, 51 S.W.3d 583, 587–89 (Tex. 2001) (holding sovereign
immunity not waived under the TTCA when appellee alleged error in medical
judgment and failure to diagnose fatal condition); Kerrville State Hosp. v. Clark, 923
S.W.2d 582, 585 (Tex. 1996) (observing that allowing both use and non-use of
property to result in waiver under TTCA “would be tantamount to abolishing
governmental immunity”); see City of Pasadena v. Thomas, 263 S.W.3d 43, 46–47
(Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that allegations that city
failed to furnish protective equipment while appellee performed community service
did not support waiver of sovereign immunity); City of Sugarland v. Ballard, 174
S.W.3d 259, 265 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (holding that claim
based on police officers’ failure to provide adequate care, well-being, and safety of
plaintiff while he was in custody did not fall within express language of TTCA’s
waiver provisions).
 
 
Texas Tort Claims Act—Notice Requirement
          To overcome the shield of governmental immunity, a plaintiff must comply
with the TTCA’s notice requirements, found in Civil Practice and Remedies Code
section 101.101, as follows:
(a) A governmental unit is entitled to receive notice of a claim against it
under this chapter not later than six months after the day that the incident
giving rise to the claim occurred. The notice must reasonably describe:
 
                    (1) the damage or injury claimed;
 
                    (2) the time and place of the incident; and
 
                    (3) the incident.
 
          . . . .
 
(c) The notice requirements provided or ratified and approved by
Subsections (a) and (b) do not apply if the governmental unit has actual
notice that death has occurred, that the claimant has received some
injury, or that the claimant’s property has been damaged.
 
Tex. Civ. Prac. & Rem. Code Ann. § 101.101 (Vernon 2005). The notice
requirement ensures prompt reporting of claims to enable the government to
investigate while facts are fresh and conditions remain substantially the same. City
of Houston v. Torres, 621 S.W.2d 588, 591 (Tex. 1981); see also Dinh v. Harris
County Hosp. Dist., 896 S.W.2d 248, 251 (Tex. App.—Houston [1st Dist.] 1995, writ
dism’d w.o.j.). The failure to give notice under section 101.101 requires that the trial
court dismiss a suit under the TTCA for lack of jurisdiction because the Texas
legislature has determined that the TTCA’s notice requirement is jurisdictional in
nature. Tex. Gov’t Code Ann. § 311.034 (Vernon 2005) (“Statutory prerequisites
to a suit, including the provision of notice, are jurisdictional requirements in all suits
against a governmental entity.”). 
          Nevertheless, the notice requirement does not apply “if the governmental unit
has actual notice that death has occurred, that the claimant has received some injury,
or that the claimant’s property has been damaged.” Tex. Civ. Prac. & Rem. Code
Ann. § 101.101(c); Parsons v. Dallas County, 197 S.W.3d 915, 919 (Tex.
App.—Dallas 2006, no pet.) (holding that governmental unit had actual notice of
inmate’s claim when jail-facility employees arranged for inmate to be taken to
hospital after falling). Mere notice that an incident has occurred is not enough to
establish actual notice. Cathey v. Booth, 900 S.W.2d 339, 341 (Tex. 1995); Garcia
v. Tex. Dep’t of Criminal Justice, 902 S.W.2d 728, 730–31 (Tex. App.—Houston
[14th Dist.] 1995, no writ). Under the TTCA, actual notice to a governmental unit
requires the governmental unit’s: (1) knowledge of a death, injury, or property
damage; (2) subjective awareness that its fault produced or contributed to the claimed
injury; and (3) knowledge of the identity of the parties involved. Tex. Dep’t of
Criminal Justice v. Simons, 140 S.W.3d 338, 344–47 (Tex. 2004) (citing Cathey, 900
S.W.2d at 341); see Parsons, 197 S.W.3d at 919 (holding that plaintiff must plead
facts sufficient to invoke waiver of governmental immunity under TTCA). The Texas
Supreme Court noted, “What we intended in Cathey by the second requirement for
actual notice was that a governmental unit have knowledge that amounts to the same
notice to which it is entitled by section 101.101(a).” Simons, 140 S.W.3d at 347. 
Actual notice is a fact question when the evidence is disputed; but in many instances
actual notice is determined as a matter of law. Id. at 348.
Discussion
          Brisco alleged injury arising from her vocal-cord surgery on April 19, 2005,
associated with the alleged misuse of a laser. Brisco does not dispute that she first
sent written notice of her health-care liability claim to UTMB on April 16, 2007,
almost two years after the surgery. Under the TTCA, this notice is untimely with
respect to any claim arising from the incident of the April 19, 2005 surgery, as it was
not sent within six months. See Tex. Civ. Prac. & Rem. Code Ann. § 101.101(a).
          In her original petition, Brisco alleged that UTMB had actual notice of her
claim because “as a governmental unit,” UTMB “ had preexisting knowledge of the
Plaintiff’s injury and damages, the said defendant’s alleged fault in producing or
contributing to the injury, and the identity of the Plaintiff.” This conclusory
allegation restates the requirements for actual notice under the TTCA, but Brisco did
not allege facts sufficient to show UTMB’s knowledge of a personal injury and the
people involved or its subjective awareness of its alleged role in contributing to the
injury. See Simons, 140 S.W.3d at 344. Accordingly, we conclude that Brisco’s
petition does not plead jurisdictional facts sufficient to show actual notice of her
health-care liability claim based on the events of April 19, 2005. See id.
          This conclusion does not end our analysis because Brisco also alleged and
argued that her claim arose from a continuing course of care at UTMB. In examining
the pleadings, we note that the allegations not related to Brisco’s April 19, 2005
surgery do not allege the use of tangible personal or real property. See Tex. Civ.
Prac. & Rem. Code Ann. § 101.021(2). Rather, Brisco alleged that UTMB failed
to communicate, failed to diagnose, failed to consult with a specialist, failed to
provide adequate staff, and otherwise failed to use information. Because these are
allegations of “non-use,” they cannot support a waiver of sovereign immunity under
the TTCA. See Miller, 51 S.W.3d at 587–89.
          Brisco’s notice letter refers only to the April 19, 2005 surgery date. In both the
text of the letter and the subject line, the date of the incident is described only as
having occurred on April 19, 2005. In addition, Brisco does not allege any use of a
laser after April 19, 2005. Thus, on its face, the notice letter does not give UTMB
notice of a continuing-course-of-care claim. See Tex. Civ. Prac. & Rem. Code Ann.
§ 101.101(a)(2).
          Accordingly, after examining the undisputed evidence and construing Brisco’s
allegations in her favor, we hold that Brisco’s original petition does not present a
claim in which governmental immunity is waived by the TTCA. We sustain
appellant’s sole issue.
Conclusion
          We reverse the order denying the UTMB’s plea to the jurisdiction, and we
render judgment dismissing Brisco’s claims against UTMB for want of jurisdiction.
 
 
 
 
                                                             Michael Massengale
                                                             Justice

Panel consists of Chief Justice Radack and Justices Bland and Massengale.