Reversed and Rendered and Memorandum Opinion filed May 5, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-01265-CV

___________________

 

City of Houston, Appellant

 

V.

 

Calvin Atkins, Leonard Walker, and
METROPOLITAN TRANSIT AUTHORITY, Appellees



 



 

On
Appeal from the 113th District Court

Harris County,
Texas



Trial Court Cause No. 2009-82121

 



 

 

MEMORANDUM OPINION

            In this interlocutory appeal, the City of Houston (the
City) challenges the trial court’s denial of its plea to the jurisdiction.  Concluding
the trial court erred when it denied the City’s plea to the jurisdiction, we
reverse the trial court’s order and render judgment dismissing the claims
brought by plaintiffs Calvin Atkins and
Leonard Walker (Atkins and Walker) and by defendant and third-party plaintiff
Metropolitan Transit Authority (Metro) against the City.

Background

            On
June 4, 2009, a Metro bus was involved in a single vehicle accident when the
driver allegedly took evasive action to avoid hitting an exposed and broken
metal drainage grate that was protruding into her lane of traffic.  Atkins and
Walker, who were passengers on the bus, claim to have been injured in the
accident.

            On
December 31, 2009, Atkins and Walker sued the driver for negligence and sued
Metro under theories of respondeat superior and negligent entrustment.[1]  On February 8,
2010, Metro answered, claiming, among other defenses, negligence of an unnamed
third party.  On February 9, 2010, Metro filed (1) a petition to designate a
responsible third party and (2) a third-party petition.  Metro alleged the
City’s negligence was the proximate cause of the accident.  The City answered,
alleging, in part, that the plaintiffs and Metro had not filed verified notice
within ninety days of the accident, as required by the City Charter.  On
October 28, 2010, the plaintiffs filed a first amended petition, adding the
City as defendant and claiming it negligently failed to maintain the drainage
grate.

            The
City filed a plea to the jurisdiction and motion to dismiss.  It alleged it
first received notice of a claim for damages by any party when it was served
with Metro’s third party petition on February 15, 2010.  It further alleged it
first received notice of Atkins and Walker’s claims on October 26, 2010, when
it received a facsimile copy of their first amended petition.

Metro responded,
stating, “Although METRO never sent the City written notice of the
alleged claims within the jurisdictional 180 days of the incident, the City had
actual notice of the incident.”  In support, Metro attached the
affidavit of Metro Investigating Supervisor, Son Nguyen, who went to the scene
of the accident immediately after it occurred.  Nguyen “recall[ed] one or more
persons from the City of Houston Public Works Department being present at the
scene while the Emergency Medical Services (EMS) unit was present.”  Attached
to the affidavit were photographs of the scene showing the Metro bus and the
EMS and Public Works vehicles.

Atkins and Walker also
relied on the City’s having actual notice of the claim.  In support, Atkins and
Walker provided Nguyen’s affidavit, as well as the following:  (1) a
transcription of an interview with Lucio Leal, Jr., an off-duty police officer,
who witnessed (a) the accident, (b) two pre-accident incidents that day when
“the City” reset the grate cover, and (c) the City’s returning “when the bus
was still here and then they covered [the grate] up”; (2) a survey request
summary indicating a resetting of a metro grate was completed by 2:47 pm on the
date of, and at the location of, the accident; and (3) a “Texas Peace Officer’s
Crash Report” completed by a Metro investigator and listing Atkins, but not
Walker, as an occupant of the bus.

After hearing argument,
the trial court denied the City’s plea to the jurisdiction and motion to
dismiss.

Analysis

            In
a single issue, the City argues the trial court erred in denying its plea to
the jurisdiction and motion to dismiss.  We review a trial court’s ruling on a
plea to the jurisdiction de novo.  City of Pasadena v. Belle, 297 S.W.3d
525, 528 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (citing Tex. Dept.
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004)).  In a
plea to the jurisdiction, a defendant may challenge either the plaintiffs’
pleadings or the existence of jurisdictional facts.  Id.  When a defendant
challenges the existence of jurisdictional facts, we must consider the relevant
evidence submitted by the parties.  Id.  If the evidence raises a fact
issue regarding jurisdiction, the trial court must deny the defendant’s plea
because the trier of fact must resolve the issue.  Id.  If, however, the
relevant evidence is undisputed or fails to present a jurisdictional fact
issue, the trial court should grant the plea as a matter of law.  Id.  In
reviewing the evidence, we are required to assume the truth of all evidence that
favors the nonmovant.  Id.

            Texas
Civil Practice and Remedies Code section 101.101 provides:

            (a)
A governmental unit is entitled to receive notice of a claim against it under
this chapter not later than six months after the day that the incident giving
rise to the claim occurred.  The notice must reasonably describe:

                        

                        (1)
the damage or injury claimed;

                        (2)
the time and place of the incident; and

                        (3)
the incident.

            

            (b)
A city’s charter and ordinance provisions requiring notice within a charter
period permitted by law are ratified and approved.

            

            (c)
The notice requirements provided or ratified and approved by Subsections (a)
and (b) do not apply if the governmental unit has actual notice that death has
occurred, that the claimant has received some injury, or that the claimant’s
property has been damaged.

Tex. Civ. Prac. & Rem. Code §
101.101.  These notice provisions are jurisdictional.  Tex. Gov’t Code §
311.034; see Colquitt v. Brazoria County, 324 S.W.3d 539, 542–43
(Tex. 2010) (per curiam).

            Notice
is a condition for a governmental unit’s waiver of immunity from suit under the
Texas Tort Claims Act.  Colquitt, 324 S.W.3d at 543.  In a suit against
a governmental unit, the plaintiff must affirmatively demonstrate the trial
court’s jurisdiction by alleging a valid waiver of immunity.  Dallas Area
Rapid Transit v. Whitley, 104 S.W.3d 540, 542 (Tex. 2003).

            As
in the trial court, Atkins, Walker, and Metro do not argue they provided notice
under section 101.101 subsections (a) or (b).  Instead, they argue the City had
actual notice under subsection (c).  A governmental entity has actual notice
when it has “‘knowledge of (1) a death or injury; (2) its alleged fault
producing or contributing to the death or injury; and (3) the identity of the
parties involved.’”  City of Dallas v. Carbajal, 324 S.W.3d 537, 538
(Tex. 2010) (per curiam) (quoting Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995) (per curiam)).  In this court, the City focuses most of its argument
on the second requirement, contending it did not have knowledge of its alleged
fault.  Nevertheless, the City also argues it had no knowledge of the identity
of the parties involved, as necessitated by the third requirement.

            As
set forth above, Atkins, Walker, and Metro rely on four documents to establish
the City’s actual notice.[2] 
Of these, the only document identifying any of the individual plaintiffs is
Metro’s Crash Report, and it lists only Atkins.  Furthermore, the record
contains no evidence on the question of whether the City received the report,
or if so, when.[3]

            To
conclude the City had actual knowledge of its alleged fault in causing Atkins’s
injury, one must cobble together information from the Metro Crash Report
(identifying Atkins as an involved party injured in the accident) with
information from Nguyen and Leal that Public Works employees were attending to
the grate at the scene immediately after the accident (thus leading to an
inference the City knew its grate was a cause of the accident) and that an EMS
unit was present (thus leading to an inference the City knew that someone
may have been injured in the accident).  Even this cobbling does not get
the plaintiffs to an inference the City had actual notice its grate was a cause
of Atkins’s or Walker’s injuries.[4] 
The present case is therefore unlike those in which appellate courts concluded
the government agency had actual notice when the same government employees had
knowledge of the cause of the accident, the nature of the injury, and the
identity of the injured party.  See, e.g., Parsons v. Dallas
County, 197 S.W.3d 915, 919 (Tex. App.—Dallas 2006, no pet.) (holding the
fact that county jail facility employees made arrangements to have ambulance
take inmate to hospital after fall caused by leaning against unanchored steel
table top “indicate[s] the employees had immediate actual notice of the
original incident, of [inmate’s] injuries; and the unanchored table’s role in
the injuries provided the County with subjective awareness of its fault”); State
v. Williams, 932 S.W.2d 546, 554 (Tex. App.—Tyler 1995) (holding evidence legally
and factually sufficient to support jury’s finding highway department had
actual notice when it was undisputed that (a) highway department was conducting
“potholing” operation just south of accident site, (b) highway department
personnel witnessed driver’s accident, (c) highway department personnel were first
to arrive at the scene after accident and render aid, and (d) highway
department personnel took driver to hospital after accident), writ denied,
940 S.W.2d 583 (Tex. 1996) (per curiam).

            Although
the City—by virtue of the presence of its Public Works employees at the scene
after the accident and while the Metro bus was still there—arguably may have
had knowledge of Metro’s identity as an involved party, there is nothing in the
record to indicate the Public Works employees identified any injury to Metro’s
property at that time.  To the contrary, Metro’s third-party claim against the
City derives solely from Atkins and Watkins’s claims of damage against Metro.

            For
the preceding reasons, we conclude the evidence fails to present a
jurisdictional fact issue regarding actual notice, and the trial court should
have granted the City’s plea to the jurisdiction as a matter of law. 
Accordingly, we sustain the City’s sole issue.

Conclusion

            Having
sustained the City’s sole issue, we reverse the trial court’s order and render
judgment dismissing the claims brought against the City by Atkins, Walker, and
Metro.

 

                                                                                    

                                                                        /s/        Martha
Hill Jamison

                                                                                    Justice

 

 

 

Panel consists of Justices
Frost, Jamison, and McCally.

 

  

            









[1] On Metro’s motion to
dismiss for lack of jurisdiction, the court subsequently dismissed the
plaintiffs’ claim against the driver and their claim of negligent entrustment
against Metro.





[2] These documents were
attached to Atkins and Walker’s and Metro’s responses to the City’s plea to the
jurisdiction.  Nguyen’s affidavit was the only sworn document.   We conclude
the documents do not raise a fact issue on the question of actual notice.





[3] On appeal, the plaintiffs
state that the number 081231509-G, which appears on the report, is a City case
number.  We find no evidence in the appellate record to this effect.





[4] Neither Atkins and Walker
nor Metro argue that off-duty Officer Leal’s knowledge should be imputed to the
City.  Cf. City of Houston v. Daniels, 66 S.W.3d 420, 424 (Tex.
App.—Houston [14th Dist.] 2001, no pet.) (“Notice can be imputed to the City by
an agent or representative who has a duty to gather facts and investigate.”). 
Even Leal’s statements, however, do not link the grate to Atkins and Walker’s
injuries.  Rather, he stated, “Apparently a couple of the folks inside the bus
claimed that they were injured I guess . . . .  I don't know. I wasn’t in the
bus.”