**Opinion filed June 7, 2012**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00157-CV

_____

## JAMIE IDA CORNER, Appellant

## V.

## COUNTY OF EASTLAND, Appellee

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. CV-07-40953**

## M E M O R A N D U M   O P I N I O N

This appeal arises from the dismissal of a personal injury action asserted by a former inmate of the Eastland County Jail for injuries she allegedly received while incarcerated. Jamie Ida Corner alleges that she fell off a bucket while painting in the jail as a trustee. She subsequently filed suit against Eastland County under the Texas Tort Claims Act, alleging that her injuries arose "from the condition and/or misuse of tangible personal property." *See* TEX. CIV. PRAC. & REM. CODE ANN. ch. 101 (West 2011 & Supp. 2011). The County filed a plea to the jurisdiction alleging, among other things, that appellant had failed to provide the requisite

notice under the Act. The trial court granted the plea to the jurisdiction and dismissed appellant's suit. We affirm.

## Background Facts

Appellant stated in her deposition that she and other female jail trustees were asked to paint a laundry room and cleaning closet at the jail. She contends that she fell while standing on a five-gallon plastic bucket while reaching to paint an upper corner of the cleaning closet. Appellant stated that jail personnel did not tell her to use the bucket for reaching the upper areas to be painted. However, she contends that she had previously expressed concerns about using the bucket and that she had requested to use a stepladder. Appellant stated in her deposition that a jailer had advised her that the stepladder was not available for the trustees' use because he was using it.

Regarding the issue of notification, appellant stated that she informed a female jailer of her fall a few minutes afterwards when the jailer asked her why she was holding her back. The County does not dispute that jail personnel had actual notice of appellant's alleged injury on the day it occurred. As set forth below, the question at issue is whether or not the County had sufficient notice of appellant's claim under the Tort Claims Act.

## Issues

Appellant brings two issues on appeal. In her first issue, she asserts that the trial court erred in determining that the County did not possess sufficient notice under the Act. Appellant contends in her second issue that the trial court erred in determining that she failed to allege a claim under the Act. We agree with the trial court's resolution of the notice issue. Accordingly, we do not reach appellant's second issue.

## Analysis

A plea to the jurisdiction challenges a trial court's subject-matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Whether a court has subject-matter jurisdiction is a question of law that we review de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Absent a waiver, governmental entities are generally immune from suits for damages. *Univ. of Tex. Sw. Med. Ctr. at Dallas v. Estate of Arancibia*, 324 S.W.3d 544, 546 (Tex. 2010); *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006). The Texas Tort Claims

2

Act waives immunity from suit "to the extent of liability created by [the Act]." Section 101.025(a). To take advantage of this waiver, a plaintiff must notify the government of a claim within six months. Section 101.101(a); *Arancibia*, 324 S.W.3d at 546. By statute, the claimant's provision of notice is a jurisdictional requirement in a suit against a governmental entity. TEX. GOV'T CODE ANN. § 311.034 (West Supp. 2011); *Arancibia*, 324 S.W.3d at 546. The notice must reasonably describe the injury, the time and place of the incident, and the incident itself. Section 101.101(a); *Arancibia*, 324 S.W.3d at 546. But this formality is not required "if the governmental unit has actual notice that death has occurred [or] that the claimant has received some injury." Section 101.101(c); *Arancibia*, 324 S.W.3d at 546. Actual notice is a fact question when the evidence is disputed. *Tex. Dep't of Criminal Justice v. Simons*, 140 S.W.3d 338, 348 (Tex. 2004). In many instances, however, actual notice can be determined as a matter of law. *Id*.

Appellant does not assert that she provided formal notice to the County pursuant to Section 101.101(a). Instead, she asserts that the County had actual notice under Section 101.101(c). In *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995), the Texas Supreme Court held that governmental entities have actual notice when they have "knowledge of (1) a death, injury, or property damage; (2) the governmental unit's alleged fault producing or contributing to the death, injury, or property damage; and (3) the identity of the parties involved." *Carbajal*, 324 S.W.3d at 538.

As noted previously, there is no dispute that jail personnel had knowledge of appellant's identity or that she allegedly suffered an injury. Accordingly, we direct our focus on the second requirement of *Cathey*. The Texas Supreme Court clarified the meaning of the second requirement in *Simons*, wherein it stated:

> What we intended in *Cathey* by the second requirement . . . was that a governmental unit have knowledge that amounts to the same notice to which it is entitled by section 101.101(a). That includes subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury. . . . It is not enough that a governmental unit should have investigated an incident . . . , or that it did investigate, perhaps as part of routine safety procedures, or that it should have known from the investigation it conducted that it might have been at fault. If a governmental unit is not subjectively aware of its fault, it does not have the same incentive to gather information that the statute is designed to provide, even when it would not be unreasonable to believe that the governmental unit was at fault.

3

140 S.W.3d at 347–48; *see Carbajal*, 324 S.W.3d at 539. Thus, the governmental unit must have subjective awareness of its fault, as ultimately alleged by the claimant, in producing or contributing to the claimed injury. *Arancibia*, 324 S.W.3d at 549; *Simons*, 140 S.W.3d at 347.

The evidence pertaining to notice consists of appellant's deposition testimony and affidavits from appellant and her mother prepared in response to the County's plea to the jurisdiction. As a preliminary matter, the trial court entered an order striking appellant's affidavit from consideration as a sham affidavit. Appellant challenges this ruling by the trial court in conjunction with her first issue.

Under the sham affidavit doctrine, a party cannot file an affidavit to contradict his own deposition testimony without any explanation for the change in testimony. *Pando v. Sw. Convenience Stores, L.L.C.*, 242 S.W.3d 76, 79 (Tex. App.—Eastland 2007, no pet.) (citing *Farroux v. Denny's Rests., Inc.*, 962 S.W.2d 108, 111 (Tex. App.—Houston [1st Dist.] 1997, no pet.)). If a party's own affidavit contradicts his earlier testimony, the affidavit must explain the reason for the change. *Id.* A sham affidavit must be disregarded by the court. *Cantu v. Peacher*, 53 S.W.3d 5, 10–11 (Tex. App.—San Antonio 2001, pet. denied).

An allegation that an affidavit is a sham generally occurs when a party files an affidavit to avoid a summary judgment and the affidavit testimony is in direct and total contradiction with the affiant's deposition testimony. *Farroux*, 962 S.W.2d at 111. We conclude that the sham affidavit doctrine is applicable when a plea to the jurisdiction challenges the existence of jurisdictional facts. A court may consider evidence in addressing the jurisdictional issues. *Miranda*, 133 S.W.3d at 227. If the evidence reveals a question of fact on the jurisdictional issue, the trial court cannot grant the plea, and the issue must be resolved by a factfinder. *Id.* at 227–28. However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228. This standard of review generally mirrors that of a summary judgment under TEX. R. CIV. P. 166a(c).[1] *Id.*

---

[1]We note that the County couched its plea to the jurisdiction as an alternative motion for summary judgment and that the order granting the plea to the jurisdiction additionally granted the County's motion for summary judgment.

A trial court's decision to strike an affidavit under the sham affidavit doctrine is reviewed under an abuse of discretion standard. *See First State Bank of Mesquite v. Bellinger & Dewolf, LLP*, 342 S.W.3d 142, 146–47 (Tex. App.—El Paso 2011, no pet.). With regard to the issue of notice, appellant stated as follows in her affidavit:

> As far as Eastland County being told about this event, my mother Dee and I made multiple requests for medical treatment, and when Rachel, one of the jailers, was escorting me on one of the visits by the doctor, we had a conversation that the doctor told me I needed to see a specialist. I asked her if that was going to happen. She informed me that they would not likely take me because I didn't have money on my books. I told her in response that should not be the case since it was their fault for not giving me the ladder.

During her deposition, the County's attorney asked appellant to detail all of her conversations with jail personnel. Appellant did not include this purported comment about fault to "Rachel"[2] in her deposition responses. When specifically asked in the deposition about her conversations with Rachel, appellant only replied that she had discussed seeing a specialist with Rachel without any mention of discussing the issue of fault on the part of the County. Thus, appellant's affidavit contradicts her previous deposition testimony on the issue of notice without any explanation for the discrepancy. Accordingly, the trial court did not abuse its discretion in striking appellant's affidavit as a sham affidavit.

We next consider the contents of the affidavit supplied by appellant's mother that was executed after the County filed its plea to the jurisdiction. Appellant's mother stated that, on an occasion when she was visiting the jail, she had a conversation with Rachel as follows:

> I went to see [appellant] at the Jail in late 2005 because I was on my way to Andrews, Texas. When I visited the Eastland County Jail, I had a conversation with a jailer named Rachel about getting her treatment. Rachel indicated that that would not likely occur as she had no money, and that she or I was responsible. I informed her that I would pay for the meantime so [appellant] could treatment [sic], but I wanted to see itemizations of what I was paying for. I told her that in the end they should be responsible for the bills, as they were at fault for not giving her better equipment.

Despite appellant's mother's purported statement to "Rachel," there is no evidence this person had a duty to investigate the accident or make a report of the accident to the County. "[A]ctual notice may be imputed to the governmental unit only when an agent or representative of the

---

[2] In her deposition, appellant identified "Rachel" as Rachel Price, "the one that's over the doctor's visits and stuff."

entity charged with a duty to investigate and report to the governmental unit receives the three elements of actual notice outlined in *Cathey*." *Gonzalez v. El Paso Hosp. Dist.*, 940 S.W.2d 793, 795 (Tex. App.—El Paso 1997, no writ).

In many respects, the facts in this case are analogous with the facts in *Crane County v. Saults*, 101 S.W.3d 764, 769 (Tex. App.—El Paso 2003, no pet.), wherein jail personnel, including the county sheriff, were aware that an inmate had suffered a fall yet they did not possess actual notice under *Cathey*.[3] Accordingly, the trial court did not err in determining that the County did not have actual notice of appellant's fault allegation. Appellant's first issue is overruled. As noted previously, we do not reach appellant's second issue in light of our disposition of the first issue.

<p style="text-align:center">*This Court's Ruling*</p>

The judgment of the trial court is affirmed.


<div style="margin-left:50%">

TERRY McCALL

JUSTICE

</div>

June 7, 2012

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.

---

[3]Appellant cites *Parsons v. Dallas County*, 197 S.W.3d 915, 919 (Tex. App.—Dallas 2006, no pet.), in support of her actual notice contention. We decline to follow *Parsons*, primarily because the court's statements pertaining to actual notice under Section 101.101(c) constituted dicta in light of the court's previous determination that the claimant had provided formal notice under Section 101.101(a).