

# NUMBER 13-12-00756-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**GARY BRUCE PALMER,**                                                        **Appellant,**

**v.**

**BRAD LIVINGSTON, BARBARA J.
FLEMING, THERESA A. WHITT,
DAVE YOUNG JR., AND JANE DOE,**                                **Appellees.**

### On appeal from the 343rd District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza
Memorandum Opinion by Justice Rodriguez**

Appellant, Gary Bruce Palmer, an inmate proceeding pro se and *in forma pauperis*,

appeals from an order dismissing his Texas Tort Claims Act (TTCA) lawsuit against

appellees, Brad Livingston, Barbara J. Fleming, Theresa A. Whitt, Dave Young Jr., and

Jane Doe as frivolous.[1]  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (West, Westlaw through 2013 3d C.S.) (TTCA); *see also id.* §§ 14.001–.014 (West, Westlaw through 2013 3d C.S.) (Inmate Litigation statute).  Palmer did not sue the governmental entities, the Texas Department of Criminal Justice (TDCJ) and the University of Texas Medical Branch (UTMB).  By two issues, Palmer contends that the trial court erred when it dismissed his suit because:  (1) the actions of Fleming, Whitt, Young, and Doe fell under the ultra vires exception, making each individually liable for his or her actions; and (2) the suit should not have been dismissed in its entirety.  We dismiss the appeal as frivolous.

## I.  BACKGROUND

Palmer filed suit against governmental officials or employees Livingston, Fleming, Whitt, Young, and Doe, pursuant to the TTCA.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1) (providing that a governmental unit is liable for personal injury, among other things, proximately caused by the negligence of an employee acting within the scope of his employment if the personal injury arises from the use of a motor-driven vehicle and the employee would be personally liable to the claimant under Texas law).  Suing each defendant in his or her individual capacity, Palmer sought a declaratory judgment,

---

[1] Palmer filed his lawsuit pursuant to the Texas Tort Claims Act (TTCA).  *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.001–.109 (West, Westlaw through 2013 3d C.S.).  However, because Palmer filed a declaration of indigence, the requirements of chapter 14 of the Texas Civil Practice and Remedies Code govern his lawsuit.  *See Parsons v. Dallas County*, 197 S.W.3d 915, 917 (Tex. App.—Dallas 2006, no pet.) (citing Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (West, Westlaw through 2013 3d C.S.) ("This chapter applies only to a suit brought by an inmate . . . in which an affidavit or unsworn declaration of inability to pay costs is filed by the inmate.")); *see also Lopez v. Serna*, 414 S.W.3d 890, 896 (Tex. App.—San Antonio 2013, no pet.) ("The Legislature enacted [c]hapter 14 to specifically govern *in forma pauperis* inmate proceedings.") (citing Tex. Civ. Prac. & Rem. Code Ann. § 14.001) (West, Westlaw through 2013 3d C.S.); *Harrison v. Iglesias*, No. 13-01-160-CV, 2002 WL 366535, at *2 (Tex. App.—Corpus Christi Mar. 7, 2001, no pet.) (mem. op.) (applying chapter 14 requirements in a lawsuit filed pursuant to the TTCA where inmate filed declaration of inability to pay costs).

2

injunctive relief, and compensatory damages in the amount of $1,000.00 from Doe, $1,500.00 each from Fleming, Young, and Livingston, and $2,000.00 from Whitt.

Fleming, Whitt, and Young answered. They also filed a motion to dismiss pursuant to Texas Civil Practices and Remedies Code section 101.106(f). *See id.* § 101.106(f) ("If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed."). In the motion, Fleming, Whitt, and Young claimed that Palmer based his allegations on conduct that was within the general scope of each of the defendant's employment with a governmental unit and asserted that the trial court must dismiss Palmer's state law claims unless Palmer filed an amended pleading dismissing the defendants and suing the governmental units. *See id.*

The Office of the Attorney General, which had obtained authority to represent Livingston and file an answer on his behalf, filed an amicus curiae advisory informing the trial court that Livingston had not yet "received service of process and [did] not waive service." It is undisputed that neither Livingston nor Doe received service, filed an answer in this lawsuit, or filed a motion to dismiss pursuant to section 101.106(f).

On October 5, 2012, Palmer amended his original petition, alleging gross negligence and/or deliberate indifference against each defendant in his or her individual and official capacities. He also alleged that each defendant acted outside the scope of

3

his employment. In his motion for leave to file his amended petition, Palmer explained that "the purpose of [his] amendment [was] to correct a procedural defect in the pleading. The amended pleading sue[d] the defendants in their individual and OFFICIAL capacity." (Emphasis in original.) He concluded his motion with the following:

> Plaintiff would have rather held defendants responsible in their individual capacity as it is their actions and failures that have caused Plaintiff's injuries and allowed him to stay in pain without attempting to get him proper medical care, but due to TEX. PRAC. & REM. CODE 101.106[](f), Plaintiff is forced to sue defendants in their OFFICIAL capacity as well.

(Emphasis in original.)

On November 16, 2012, more than thirty days after the defendants filed their motion to dismiss, the trial court dismissed Palmer's claims against all named defendants "in their entirety." The order provided Palmer with thirty days to amend his petition and stated that his suit would be dismissed in its entirety if Palmer failed to amend within the thirty-day period. The order also set out that "[a]ll relief not expressly granted herein is hereby denied." Palmer did not amend his petition to dismiss the individual defendants and name TDCJ and UTMB as defendants. On December 5, 2012, Palmer filed his notice of appeal.

## II. DISCUSSION

As of January 1, 2012, chapter 14 requirements apply to actions filed in an appellate court. *Douglas v. Moffett*, 418 S.W.3d 336, 339 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a); *see also Hickman v. Tex. Dep't of Criminal Justice*, No. 13-12-00437-CV, 2013 WL 3770916, at *2 (Tex. App.—Corpus Christi July 18, 2013, no pet.) (mem. op.). "When an inmate litigant files an affidavit or unsworn declaration of inability to pay costs, [c]hapter 14 requires the

4

inmate to file an additional affidavit or declaration setting forth specific details on all previous actions filed pro se, other than a suit brought under the Texas Family Code." *Moffett*, 418 S.W.3d at 339 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a); *see, e.g., Douglas v. Porter*, No. 14–10–00055–CV, 2011 WL 1601292, at *2–3 (Tex. App.—Houston [14th Dist.] Apr. 26, 2011, pet. denied) (per curiam) (mem. op.)); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a). The inmate must also file a certified copy of the inmate's "trust account statement." TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(c); *id.* § 14.006(f). The filings required under chapter 14 are "an essential part of the process by which courts review inmate litigation." *Douglas v. Turner*, ___ S.W.3d ___, 2013 WL 2245653, at *2 (Tex. App.—Waco May 9, 2013, no pet.) (quoting *Hickson v. Moya*, 926 S.W.2d 397, 399 (Tex. App.—Waco 1996, no writ)); *see also Hickman*, 2013 WL 3770916, at *2. Failure to file this affidavit or declaration of previous filings or the inmate account statement can result in dismissal without notice or hearing. *Turner*, 2013 WL 2245653, at *2; *see also Hickman*, 2013 WL 3770916, at *2. And when the inmate fails to comply with the affidavit requirements, the court may assume that the current action is substantially similar to one previously filed by the inmate and is frivolous. *See Turner*, 2013 WL 2245653, at *2; *see also Hickman*, 2013 WL 3770916, at *2.

On appeal, inmate Palmer filed a declaration of indigence and is proceeding *in forma pauperis*. He filed a certified copy of his trust account statement with his declaration of indigence. But he failed to file an additional affidavit or declaration "relating to previous filings." Because the requirements of chapter 14 apply to Palmer's appeal, we dismiss the appeal without notice as frivolous. *See Turner*, 2013 WL 2245653, at *2; *see also Walker v. Jones*, No. 10-13-00378-CV, 2013 WL 5952134, at *1

(Tex. App.—Waco Nov. 7, 2013, no pet.) (mem. op.) (same); *Hickman*, 2013 WL 3770916, at *2 (same).

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 2nd
day of September, 2014.