

## In The
## Court of Appeals
## Sixth Appellate District of Texas at Texarkana

_____

No. 06-07-00197-CR
_____

JEFFERY DUANE MERRITT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 6th Judicial District Court
Lamar County, Texas
Trial Court No. 21802

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

O P I N I O N

After having pleaded guilty pursuant to a plea bargain agreement, Jeffery Duane Merritt was convicted of possession with intent to deliver a controlled substance (methamphetamine), more than one and less than four grams, in a drug-free zone. He was also convicted of two other offenses, both of which are also before this Court in separate appeals.[1] Although the case was a plea bargain, Merritt asked the trial court for permission to appeal its decision to impose consecutive sentences rather than concurrent sentences. The trial court granted permission to appeal that issue.

The sole issue on appeal concerns whether the trial court correctly applied the punishment statutes designed by the Legislature. The question is whether the trial court erred by making this seven-year sentence run consecutively with (i.e., stacked atop) a forty-year sentence in a companion case to which Merritt also pled guilty.[2] Merritt argues that the court abused its discretion by so ordering because he maintains that his punishment should have run concurrently with the other state conviction and sentence as required by Section 481.132 of the Texas Health and Safety Code due to the fact that both charges arose from the same criminal episode. *See* TEX. HEALTH & SAFETY

---

[1] In trial court cause number 22131, our number 06-07-00198-CR, Merritt was convicted of possession of a controlled substance (methamphetamine) less than one gram in a drug-free zone, and sentenced to two years, to run concurrently with his sentence in a federal case. In trial court number 20864, our number 06-07-00196-CR, Merritt was convicted of possession with intent to deliver a controlled substance (methamphetamine) between four and 200 grams in a drug-free zone. He was sentenced to forty years' imprisonment, to begin upon completion of his federal sentence.

[2] In other words, in this case, Merritt was sentenced to seven years' imprisonment, to commence upon completion of his forty-year state sentence in cause number 06-07-00196-CR (trial court number 20864).

CODE ANN. § 481.132 (Vernon 2003).  The State responds, arguing that the trial court could order

it to run consecutively pursuant to Section 481.134 of the Texas Health and Safety Code, citing the

fact that the offense occurred in a drug-free zone.  *See* TEX. HEALTH & SAFETY CODE ANN.

§ 481.134 (Vernon Supp. 2007).  The pertinent parts of the two statutes are as follow:

> **§ 481.132.  Multiple Prosecutions**
>
> . . . .
>
> (d)  If the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted in a single criminal action, sentence for each offense for which the accused has been found guilty shall be pronounced, and those sentences run concurrently.
>
> . . . .
>
> **§ 481.134.  Drug-Free Zones**
>
> . . . .
>
> (h)  Punishment that is increased for a conviction for an offense listed under this section may not run concurrently with punishment for a conviction under any other criminal statute.

TEX. HEALTH & SAFETY CODE ANN. §§ 481.132(d), 481.134(h).

The problem, a seeming conflict, is apparent on the face of these two statutes and upon the

facts of this case.  Merritt was convicted of three different offenses in a single prosecution.  The State

elected, pursuant to Section 3.03 of the Texas Penal Code, to try the three cases together, alleging

that they arose out of the same criminal episode.  *See* TEX. PENAL CODE ANN. § 3.03 (Vernon Supp.

2007).  To further complicate matters, Section 3.03 states clearly that such sentences in cases tried

together under it "shall run concurrently," except for certain specific exceptions listed within that section; this case falls within none of those exceptions.

All three prosecutions involved possession in a drug-free zone of controlled substances.

The dilemma and the question is, thus, this: does the trial court impose the sentence for this conviction to run concurrently with the other two convictions under Section 3.03 of the Texas Penal Code and/or Section 481.132(d) of the Texas Health and Safety Code, or must the court order the sentences to run consecutively under Section 481.134(h) of the Texas Health and Safety Code?

Clearly, all three statutes are relevant. This is a multiple prosecution for acts occurring in a drug-free zone. The question before this Court is which section of the statute controls the imposition of punishment under these facts.

Merritt first argues that because the State elected to jointly prosecute the three acts together as arising out of the same criminal episode, it is bound by the entire statute (Section 481.132(d)); ergo, once it has opted to do so, it may not cherry-pick the portions of that statute which benefit it and ignore other portions. Second, he argues that the language of Section 481.134(h) denies the trial court the ability to stack punishment for a "conviction under any *other* criminal statute" and that this is not a conviction under any *other* statute. In other words, he argues the prohibition against concurrent sentencing applies to punishment imposed under "other" (nondrug-free zone) statutes.

There is no question that the punishment for all three convictions was increased and assessed under the aegis of the drug-free-zone statute.

4

**Does "Other" Really Mean "Other"?**

We find that Merritt's second argument referencing Section 481.134(h) is dispositive, and we, therefore, address that contention first. The initial question is whether we either can or should ignore the Legislature's use of the word "other." We observe that if the Legislature had intended to require stacking under "*any* criminal statute" it could have said so. It is plain that it elected to say that stacking was required for a "conviction under any *other* criminal statute."

As pointed out by the State, the Corpus Christi Court of Appeals has held, in response to an issue matching one of the contentions raised here, that the general language of Section 3.03 requiring imposition of concurrent sentences with cases prosecuted together was set aside by the language of Section 481.134(h) of the Texas Health and Safety Code, disallowing the granting of concurrent sentences in drug-free-zone convictions. *Williams v. State*, Nos. 13-05-00194-CR, 13-05-00195-CR, 13-05-00196-CR, 2006 Tex. App. LEXIS 7870 (Tex. App.—Corpus Christi Aug. 31, 2006, pets. granted [3 pets.]) (mem. op., not designated for publication).

The State argues, in part, that because of the exceptionally egregious nature of drug-offense violations in drug-free zones, stacking for other drug-free-zone offenses is necessarily included within the intent of the Legislature. However, you can equally strongly argue that the Legislature already handled that particular scenario otherwise: it increased the level of punishment for these offenses by raising the felony level by one degree. To accept the State's suggestion doubly increases the actual punishment assessed; first, it raises the grade of the crime, and second, it requires the

5

stacking of one punishment atop the other.  This is not authorized by the clear language of the statute.  Indeed, its clear language is to the contrary.  "Other" and "same" are not synonymous terms. "Other statute" means "other statute."  It cannot, therefore, mean "same statute."

The State also argues that since this is a specific punishment provision, it should trump a general provision.  Thus, it argues, the general prohibition against the stacking of consolidated offenses as contained in Section 481.132(d) of the Texas Health and Safety Code should give way to the more specific bar of concurrent sentencing for a particular type of offense provision as found in Section 481.132(h) of the Texas Health and Safety Code.[3]  Generally, when two statutes concern the same subject matter, the more specific statute controls over the more general statute.  *In re Dotson*, 76 S.W.3d 393, 395 (Tex. Crim. App. 2002); *Dallas County v. Coutee*, 233 S.W.3d 542, 545 (Tex. App.—Dallas 2007, pet. filed); *see also* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 2005) (where conflict between general provision and special or local provision is irreconcilable, special or local provision prevails as exception to general provision, absent "manifest intent" to the contrary).  The application of this rule of interpretation of statutes arises only when there is actually a conflict between the statutes.  Since there is no such conflict within the statute when applied to the situation in this case, that rule does not apply.

---

[3]     **§ 311.011.  Common and Technical Usage of Words**

(a) Words and phrases shall be read in context and construed according to the rules of grammar and common usage.

TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005).

In order to find that such a conflict existed, and then to reach the State's desired analysis, we would have to completely disregard the word "other" as contained in Section 481.132(h) of the Texas Health and Safety Code and then determine that the two provisions are irreconcilable before applying the general versus specific analysis.[4] Because every word of a statute must be presumed to have been used for a purpose, *Eddins-Walcher Butane Co. v. Calvert*, 156 Tex. 587, 298 S.W.2d 93, 96 (1957), we need not do so.

We will assume that the Legislature used precisely the words that it intended to use and apply them as written. Looking at all of the words in the statutes, we find that there is no conflict between the different portions of the statutes, because they apply to different factual scenarios.

The trial court erred by ordering the conviction in this case to run consecutively with the other punishments assessed under this section. Further, as this is a misapplication of statutory law, the court necessarily abused its discretion by applying the statute incorrectly.

---

[4]When we interpret a statute, we seek to effectuate the collective intent or purpose of the legislators who enacted the legislation. We must interpret an unambiguous statute literally, unless doing so would lead to an absurd result that the Legislature could not possibly have intended. If a literal reading of the statute leads to an absurd result, we resort to extratextual factors to arrive at a sensible interpretation to effectuate the intent of the Legislature. "Where the statute is clear and unambiguous, the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute." *Seals v. State*, 187 S.W.3d 417, 420 (Tex. Crim. App. 2005).

We affirm the judgment regarding the conviction, but we reform the judgment to state that the punishment under this conviction will run concurrently with the punishment and forty-year state sentence in cause number 06-07-00196-CR (trial court number 20864), and as reformed, affirmed.


Bailey C. Moseley
Justice

Date Submitted:     April 3, 2008
Date Decided:       April 22, 2008

Publish