5,358-21

December 14, 2015

CLERK OF Court of Criminal Appeals          From: John Robert Gray
P.O. Box 12308; Capitol Station                    Boyd Unit-#475245
Austin, Tx 78711                                   200   Spur   113
                                                   Teague,Tx 75860

Re: CCA No. **WR-5358-21**, enclosed Amended Application for
                    writ of mandamus;
      Trial Court No. 481656-E.

Dear Clerk,

      Enclosed please find and file 1-original [AMENDED

APPLICATION FOR A WRIT OF MANDAMUS] containing 8-pages with

certificate of service to Honorable Judge Brad Hart of the

230th District Court of Harris County, Texas, in Houston.

Please bring the enclosed to the attention of the Court as

soon as time permits. Thank you.

                              Sincerely,

                              John Robert Gray,
cc: Judge Brad Hart           Applicant pro se

RECEIVED IN
COURT OF CRIMINAL APPEALS

DEC 18 2015

Abel Acosta, Clerk

COURT OF CRIMINAL APPEALS OF TEXAS

AUSTIN, TEXAS

IN RE                                    §

JOHN ROBERT GRAY                         §      NO. WR-5,358-21

## AMENDED APPLICATION FOR A WRIT OF MANDAMUS

### I.

### JURISDICTION

On 11-17-2015 the original application for writ of manda-mus was received and presented to the Court of Criminal Appeals under No. WR-5,358-21 regarding trial court number 481656-E in the 230th District Court of Harris County, Texas, with Presiding Judge Brad Hart of a pending writ application under Art.11.07, C.C.P.. To this date of 12-14-2015 the Court has not decided the issues of the writ of mandamus originally presented and, the instant AMENDED application presents newer issues in which Applicant does not have any adequate remedy at law under Article 11.07 with the Court of Criminal Appeals to properly and fairly exhaust state remedies as a matter of law.and in the interest of justice.

### II.

### SUMMARY OF TRIAL COURT PROCEEDINGS

On 11-30-2015 the presiding Judge of the trial court adopted the State's Proposed Findings of Fact and Conclusions of law and Order in Cause Number 481656-E, but was not served to Applicant until 12-14-2015. Applicant filed several plead-

1

ings with the District Clerk's postconviction section for presentation and consideration to and by the assigned judge of the 230th District Court of Harris County,Texas, the last pleading being [APPLICANT'S OBJECTIONS TO STATE'S PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER] mailed for filing on 12-01-15.

## III.

### GROUNDS FOR MANDAMUS RELIEF

Applicant is entitled to habeas corpus relief based on a true and correct and complete habeas record of No. 481656-E, but the Court of Criminal Appeals cannot possibly or will not grant relief under Art.11.07,C.C.P., based on an incomplete or false findings of fact and conclusions of law submitted by the State's prosecution Baldwin Chin. Specifically:

1. The trial court has failed or refused to decide in writing whether Cause No. 481656 was a non-violent felony conviction under P.C. Article §21.11(a)(2) or a violent felony conviction under P.C. Section §21.11(a)(1). The Jury convicted Applicant under Section 21.11 (a)(2) for a non-violent felony offense, but the trial court and the state's prosecution refuse to acknowledge this legal fact as part of the habeas record. The trial court's failure to decide Applicant's contention between the two distinct penal subsections is clear abuse of discretion and denies Applicant the right to due process. Moreover, the trial court clearly abused its discretion in failing or refusing to adjudicate a 'nunc pro tunc' motion to correct the Judgment or Sentence if the documents are absent

2

the specific Jury conviction under Section 21.11 (a)(2) as pursued and obtained by the state by Grand Jury Indictment.

2. The trial court clearly abused its discretion by adopting an incredible and false claims in an affidavit not filed by TDCJ's Charley Valdez in postconviction writ application number 481656-E during 2015 in its recommendation to deny habeas relief. The trial court has failed to resolve Applicant's objections to the said affidavit in and of itself and the state's use of said affidavit to ignore Applicant's pleadings and entitlement to habeas relief.

3. The trial court clearly abused its discretion by failing to recognize that TDCJ has changed the felony conviction of Cause 481656 from Section 21.11(a)(2) to a "sexual assault of a child" conviction. Trial Court Judge Brad Hart knew of the existence of the "sexual assault of a child" convictions in the Harris County records of Cause 481656 because Applicant physically appeared in person in the 230th District Court when the Court removed the false felony convictions of "sexual assault of a child" from Harris County records but, the trial court did not or would not order TDCJ to change or correct its records of Cause 481656 or TDCJ #475245 to remove the false "sexual assault of a child" convictions. Moreover, the trial court has clearly abused its discretion and denied Applicant the fundamental federal right to due process by failing to adjudicate Applicant's claim of the existence of the "sexual assault of a child" conviction based on state documented proof

3

made by state attorney Rebecca Klaren as shown in Exhibit-A seperately attached to the [AMENDED application for a writ of habeas corpus filed in primary No. 481656-E] which clearly shows a claim that Applicant has a felony conviction of "sexual assault of a child" under Cause 481656 from the 230th District Court.

4. The trial court has clearly abused its discretion by failing or refusing to adjudicate his claim in Ground One in the [SECOND AMENDED application for a writ of habeas corpus] that TDCJ's Board of Pardons and Paroles unlawfully and improperly found Applicant guilty of committing [FELONY terroristic threat] and increased the Jury's sentence of Cause 481656 to punish applicant in prison confinement for committing a new felony. The State and trial court's [findings of fact and conclusions of law] fails to recognize from BPP records that the BPP made a finding of guilty and assessed prison punishment to the date of 10-25-2025 for the [FELONY terroristic threat] outside a court of law in clear violation of state laws. Art. 1.05 and Art. 1.15, Code of Criminal Procedure.

5. The trial court and state failed to adjudicate the claim of the TDCJ's unconstitutional retroactive application of Gov.t Code Section 508.149(a) and Section 508.283(b) to the non-violent felony of Cause 481656 in violation of federal law. Lynce v. Mathis, 117 S.Ct. 891 (1997); Johnson v. U.S., 120 S.Ct. 1795, 1800-1801 (2000). The trial court clearly abused its discretion in failing to make this ex post facto

4

analysis and resolution into the habeas corpus record for review by the Court of Criminal Appeals for fair exhaustion of state remedies.

6. The trial court clearly abused its discretion by failing to include in the findings of fact and conclusions of law of Applicant's entitlement to 6-years, 9-months, and 24-days of street-time during parole where the trial court acknowledged as fact that the first amendment of Gov't Code Section 508.149 to include Penal Code §21.11 did **NOT** become effective until September 1, 1999, which was after the BPP revocation of parole became final on August 12, 1999, for primary Cause 481656 and TDCJ #475245. The trial court's habeas record is silent and absent of this critical information which would entitle Applicant to habeas relief as a matter of clearly established law. Ex Parte Schroeter, 958 S.W.2d 811 (Tex.Crim.App.1997); Ex Parte Keller, 173 S.W.3d 492, 497-499 (Tex.Crim.App.2005).

7. The trial court clearly abused its discretion by failing to make any findings of fact and conclusions of law of the apparent conflict between two Gov't Codes used by the BPP regarding "in custody" and "out of custody" during release on parole or mandatory-supervision. The State prosecution and the trial court failed to notify the Court of Criminal Appeals in the habeas record that the BPP utilizes the specific language under Gov't Code §508.143 (a) and (b) to require releasees to remain "in custody" of TDCJ printed on the Certificates of Parole and Mandatory Supervision which prisoners must sign

5

before being released from TDCJ prison. BPP policy for the retroactive cancellation of street-time already served on a Jury Sentence as "out of custody time" by the BPP's discretionary retroactive application of the latest version of Gov't Code Sections 508.149(a) and 508.283(b) substantially conflicts with Applicant's valid vested liberty interest and equal protection of law under Gov't Code Section 508.143 (a) and (b).

The State raised this issue in its proposed order filed on July 1, 2015, and TDCJ's Jennifer Robinson responded that Applicant was in "constructive custody" but not "in custody" of the State or TDCJ. The Legislative language of 508.143 (a) or (b) does not use or imply the language of "constructive custody" and, there was no evidence offered by TDCJ that Applicant absconded from TDCJ or the State of Texas for Cause 481656 and TDCJ#475245 while on parole or mandatory supervision. Merrit v. State, 252 S.W.3d 757 n.3, n.4; Tex.Gov't Code Ann. § 311.011 (Vern.2005) and §311.021. See also : Russo v. Johnson, 129 F.Supp.2d 1012 (S.D.Tex.2001)(not entitled to street time for absconding from TDCJ and the State of Texas).

IV.

CONCLUSION

Applicant lawfully served the complete Jury punishment of 27-years of Cause 481656 on August 9th, 2014, and he remains unlawfully restrained in his liberty without due process in violation of clearly established federal and state laws.

Applicant is entitled to mandamus relief which requires

6

the trial court to make an independent analysis, findings of fact and conclusions of law, on each and every claim made in the [SECOND amended application for writ of habeas corpus and the attached memorandum of law] as required by due process and due course of law for the purpose of making the habeas record speak the truth in the interest of justice and in the public interest.

WHEREFORE, premises considered, Applicant respectfully requests for the Court of Criminal Appeals to grant Mandamus relief because he has no other adequate remedy at law under Art.11.07, C.C.P., to correct clear abuses of discretion by the trial court during the habeas corpus proceedings in which the current habeas record contains false and misleading information or non-adjudicated constitutional issues necessary for resolution by the trial court.

Respectfully submitted,

December 14, 2015.

John Robert Gray
(Applicant pro se)
Boyd Unit-#475245
200 Spur 113
Teague,Tx 75860

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above [AMENDED APPLICATION FOR A WRIT OF MANDAMUS] has been served to the assigned Judge of the trial court, by placing same in a pre-sealed stamped envelope addressed to:

Honorable Brad Hart, District Court Judge
230th District Court; 16th Floor
1201 Franklin Street
Houston, Texas 77002

and mailed on this the 14th day of December, 2015.

John Robert Gray
(Applicant pro se)
Boyd Unit-#475245
200 Spur 113
Teague, Texas 75860