

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-22-00168-CR

---

EDWARD LEE GAFFNEY, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

---

On Appeal from the 6th District Court
Lamar County, Texas
Trial Court No. 28875

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

# MEMORANDUM OPINION

After Edward Lee Gaffney, Jr.'s, community supervision was revoked, the trial court sentenced him to eight years' imprisonment on two counts of manufacture or delivery of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams in a drug-free zone.[1]  In this appeal, Gaffney asserts (1) that the trial court erred because the sentences should have been imposed concurrently and (2) that the judgments[2] should be modified to reflect a "not true" finding as to some of the State's allegations.  Because the record shows that the sentences were imposed concurrently, we will affirm the trial court's judgments revoking community supervision.  Nevertheless, we will modify the judgments to comport with the trial court's "not true" findings as to the State's allegations that Gaffney violated Condition 30 of the community supervision order.

## I.      Background

In a single proceeding, Gaffney pled guilty to two counts of manufacture or delivery of a controlled substance, methamphetamine, in an amount of one gram or more but less than four grams in a drug-free zone.  Pursuant to a plea-bargain agreement, the trial court convicted Gaffney of the two counts in separate judgments,[3] sentenced him to ten years' imprisonment, suspended the sentences, and placed him on ten years' community supervision.

---

[1]*See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(c).

[2]The trial court entered a separate judgment revoking community supervision for each count, designated as "CASE NO. 28875 COUNT ONE" and "CASE NO. 28875 COUNT TWO."

[3]Although the trial court entered separate judgments, both counts were contained in one indictment and tried under the same cause number.  Gaffney was also convicted on a third count, which is not subject to this appeal.

About eighteen months later, the State filed its motion to revoke Gaffney's community supervision under both counts. The State alleged that Gaffney violated conditions 2, 10, 26, and 30 of his conditions of community supervision. At the hearing on the State's motion to revoke, Gaffney pled "true" to all of the State's allegations. The trial court found the State's allegations that Gaffney violated Conditions 2, 10, and 26 to be true. However, because insufficient evidence supported the State's allegations that Gaffney violated Condition 30,[4] the trial court found those allegations "not true." The trial court orally pronounced sentences of eight years' imprisonment, with credit for any time served. The trial court did not state whether the sentences would run consecutively or concurrently. The trial court's written judgments revoking community supervision also do not state whether the sentences run concurrently or consecutively, but each of the written judgments state that its sentence commences on November 22, 2022, the date the sentences were imposed.

## II.     The Sentences Run Concurrently

In his first issue, Gaffney asserts that the trial court erred because it entered sentences that were not concurrent and that such sentences were illegal and void. He argues that, because the two offenses arose out of the same criminal proceeding and were prosecuted in a single criminal action, the sentences are required to run concurrently. *See* TEX. PENAL CODE ANN. § 3.03(a) (Supp.) (providing, subject to exceptions not applicable in this case, that "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode[5] prosecuted in a

---

[4]The State alleged that Gaffney violated Condition 30 by violating Conditions 30A, 30B, 30C, 30D, 30E, and 30F when he failed to pay certain fees, fines, and court costs.

[5]As applicable in this case,

3

single criminal action,[6] . . . the sentences shall run concurrently"). The State agrees that the two offenses arose out of a single criminal episode and that they were prosecuted in a single criminal action. It also agrees that, under Section 3.03(a), the sentences must run concurrently, citing *Cazarez v. State*, 606 S.W.3d 549, 564 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

Gaffney appears to interpret the absence of a statement that the sentences are to run concurrently in the judgments revoking community supervision to be an implicit order that the sentences run consecutively. However, as the State points out, generally, "where the sentence is silent as to any order of cumulation of sentences or there is an improper order of cumulation[,] the sentence will automatically run concurrently with any other outstanding sentence." *Ex parte Hernandez*, 758 S.W.2d 594, 596 (Tex. Crim. App. 1988) (orig. proceeding) (citing TEX. CODE CRIM. PROC. ANN. art. 42.08); *see Moore v. State*, 371 S.W.3d 221, 228 (Tex. Crim. App. 2012) ("We have long held that '[w]here the court does not order that two or more sentences in different prosecutions shall be cumulative as permitted by Article 42.08 . . . , the terms of imprisonment automatically run concurrently.'" (quoting *Ex parte Reynolds*, 462 S.W.2d 605, 606 n.1 (Tex. Crim. App. 1970) (orig. proceeding))).

---

"criminal episode" means the commission of two or more offenses, . . . whether the harm is directed toward or inflicted upon more than one person . . . , under the following circumstances:

(1)     the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or

(2)     the offenses are the repeated commission of the same of similar offenses.

TEX. PENAL CODE ANN. § 3.01(1), (2).

[6]"'[A] single criminal action' . . . refer(s) to a single trial or plea proceeding." *LaPorte v. State*, 840 S.W.2d 412, 414 (Tex. Crim. App. 1992), *overruled on other grounds by Ex parte Carter*, 521 S.W.3d 344, 347 (Tex. Crim. App. 2017) (orig. proceeding).

In this case, Gaffney pled guilty in a single plea hearing to two counts of manufacture or delivery of a controlled substance that arose out of the same criminal episode, and the trial court placed him on community supervision. Further, Gaffney's community supervision for both convictions was revoked in a single proceeding. Under those facts, we agree with Gaffney and the State that Section 3.03(a) applied to require that the sentences run concurrently. *See* TEX. PENAL CODE ANN. § 3.03(a). However, we do not agree that the lack of a statement in the judgments that the sentences are to run concurrently means that the sentences run consecutively.

In our review of the record, we find no indication that the trial court intended the sentences to run consecutively. Rather, the record indicates that they were to run concurrently: (1) there is no order of cumulation in the record; (2) at sentencing the trial stated that the sentences were to begin immediately; and (3) each judgment revoking community supervision provides that its sentence commenced on November 22, 2022, the date each sentence was imposed. Although *Hernandez*, *Moore*, and *Reynolds* involved convictions in separate prosecutions, we believe the same rule applies to convictions for multiple offenses arising out of the same criminal episode prosecuted in a single criminal action. That is, where the judgments are silent as to any order of cumulation of sentences and there is no order of cumulation in the record, the sentences will automatically run concurrently.[7] For that reason, we find that the

---

[7]As Gaffney notes, and the State does not dispute, there are no mandatory cumulation provisions applicable to this case. *See Merritt v. State*, 252 S.W.3d 757, 759–61 (Tex. App.—Texarkana 2008, no pet.).

sentences in the judgments revoking community supervision run concurrently. Since we find no trial court error, we overrule this issue.[8]

## III. The Judgment Must Be Modified

Gaffney also asserts that the written judgments revoking community supervision incorrectly state that the trial court found the State's allegations that he had violated Condition 30 "true," even though the trial court orally found those allegations "not true." We agree.

As previously noted, because insufficient evidence supported the State's allegations that Gaffney violated Condition 30, the trial court found those allegations "not true." Nevertheless, the second page of each judgment revoking community supervision states that the trial court "**FINDS** Defendant violated the following conditions of community supervision: **2,10,26,30,30A,30B,30C,30D,30E [sic] AND 30F.**"

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993)). "We have the authority to modify the judgment to make the record speak the truth." *Minter v. State*, 570 S.W.3d 941, 944 (Tex. App.—Texarkana 2019, no pet.) (citing TEX. R. APP. P. 43.2(b); *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992)). Accordingly, we modify the second page of the trial court's judgment revoking community supervision designated "CASE NO. 28875 COUNT ONE" and the

---

[8]Gaffney prayed that, if we found that the trial court erroneously cumulated the sentences, we would reverse the trial court's judgment of conviction and render judgment in his favor or that we would grant him a new trial. However, even if we found that the trial court erroneously cumulated the sentences, the proper remedy on appeal would be reformation of the judgments. *Ex parte Carter*, 521 S.W.3d at 347.

second page of the trial court's judgment revoking community supervision designated "CASE NO. 28875 COUNT TWO" to state that the trial court "**FINDS** Defendant violated the following conditions of community supervision:  **2, 10, and 26.**"

## IV.    Conclusion

We modify the second page of the trial court's judgment revoking community supervision designated "CASE NO. 28875 COUNT ONE" and the second page of the trial court's judgment revoking community supervision designated "CASE NO. 28875 COUNT TWO" to state that the trial court "**FINDS** Defendant violated the following conditions of community supervision:  **2, 10, and 26.**"  Because the record shows that the sentences were imposed concurrently, we affirm the trial court's judgments, as modified.

Scott E. Stevens
Chief Justice

Date Submitted:     June 1, 2023
Date Decided:       June 9, 2023

Do Not Publish

7